STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlowry.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@gibsonlowry.com

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:18-cv-2342<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Las Vegas Skydiving Adventures LLC ("Plaintiff" or "LV Skydiving"), by and through its counsel, Gibson Lowry LLP, complains as follows against Defendant, Groupon, Inc. ("Defendant" or "Groupon"), on information and belief, that the following are and have been true at all time relevant to this lawsuit unless otherwise indicated specifically to the contrary:

**JURISDICTION**

1. This Court has original jurisdiction over Plaintiff's First through Third Causes of Action, inclusive (the "Federal Law Causes of Action") pursuant to 15 U.S.C. § 1121(a), 15 U.S.C. § 4, and 28 U.S.C. § 1331, because the Federal Law Causes of Action arise under the Sherman Act and the Lanham Act, and this Court has supplemental jurisdiction over Plaintiff's Fourth and Fifth Causes of Action (the "State Law Causes of Action") pursuant to 28 U.S.C. § 1338(b) and 1367 because the State Law Causes of Action are so related to the Federal Law Causes of Action as to form part of the same case or controversy as the Federal Law Causes of

1

Action pursuant to Article III of the United States Constitution.

2. This Court has personal jurisdiction over Groupon under 15 U.S.C. § 22, because Groupon transacts business in the District of Nevada and is hereby the subject of a proceeding under the antitrust laws of the United States.

## NATURE OF ACTION

3. This is an action for anticompetitive commercial activity under 15 U.S.C. § 2, direct service mark infringement under 15 U.S.C. § 1114, misappropriation of commercial properties under Nevada common law, and unjust enrichment under Nevada common law. Groupon has engaged in anticompetitive conduct that involves a scheme aimed at depressing prices and driving out competition for provision of tandem tethered skydiving services in southern Nevada, and in furtherance of that scheme, has illegitimately engaged in infringement of LV Skydiving's registered service mark and misappropriation of LV Skydiving's commercially valuable intellectual property, which conduct has, at a minimum, resulted in the unjust enrichment of Groupon at LV Skydiving's expense.

## PARTIES

4. LV Skydiving is a limited-liability company organized under the laws of the State of Nevada.

5. Groupon is a corporation organized under the laws of the State of Delaware.

## VENUE

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because LV Skydiving owns and uses the intellectual property at issue in this matter in the District of Nevada, and thus a substantial part of the property that is the subject of this action is sited in the District of Nevada.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in the District of Nevada.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Groupon is subject to this Court's personal jurisdiction with respect to this action.

9. This case is appropriately assigned to the southern division of the District of

Nevada because LV Skydiving's principal place of business is in Clark County.

**FACTS**

10. LV Skydiving offers services to individuals who wish to have the experience of jumping out of an airplane while tethered to an experienced parachutist (the "Relevant Services").

11. LV Skydiving is part of the group of businesses that sells the Relevant Services to residents of and visitors to southern Nevada who wish to have the experience of jumping out of an airplane while tethered to an experienced parachutist (such group of businesses in such geographic area the "Market").

12. Groupon controls the majority of the Market as of the filing date of this Complaint.

13. LV Skydiving offers the Relevant Services using the service mark FYROSITY ("LV Skydiving's Mark").

14. LV Skydiving first used LV Skydiving's Mark in commerce on June 7, 2016.

15. The United States Patent and Trademark Office granted registration number 5258918 to LV Skydiving's Mark on August 8, 2017, as depicted in Exhibit 1 attached hereto and incorporated herein.

16. Groupon operates an online business providing customers with the Relevant Services by way of providing discount certificates that Groupon's customers may use with businesses that maintain a relationship with Groupon to help enable Groupon to provide the Relevant Services (such businesses the "Groupon Affiliates"; Groupon's business model the "Groupon Scheme").

17. The Groupon Scheme includes Groupon's aggressive recruitment of all or nearly all of the businesses in the Market to become Groupon Affiliates.

18. The Groupon Scheme includes, without limitation, Groupon's aggressive online promotional efforts, including, without limitation, intensive search-engine optimization techniques (with intensive use of metadata embodiments), all of which target the Market.

19. Virtually every provider of the Relevant Services in the Market, other than LV

Skydiving, has become a Groupon Affiliate.

20. As part of the Groupon Scheme, Groupon Affiliates are obligated to provide the Relevant Services to Groupon customers as mandated in Groupon Affiliates' contracts with Groupon (such contracts the "Groupon Affiliate Contracts").

21. Groupon's activities in the Market in implementing the Groupon Scheme have caused Market consumers to expect deeply discounted pricing with respect to the Relevant Services.

22. The deeply discounted pricing in the Market for which Groupon has created a consumer expectation, through Groupon's implementation of the Groupon Scheme, has caused harm and will continue to cause harm LV Skydiving's business.

23. As a further element of the Groupon Scheme, Groupon has included LV Skydiving's name and LV Skydiving's Mark in the metadata of Groupon's website (the "Groupon Website") without LV Skydiving's permission (such activity the "Metadata Infringement").

24. Groupon engages in Metadata Infringement so that consumers using LV Skydiving's Mark as a search term in their generalized Internet searching are diverted to Groupon for provision of the Relevant Services.

25. Additionally, Groupon has constructed the Groupon Website in such a manner as to enable potential customers searching for LV Skydiving as a service provider to be misleadingly diverted to Groupon Affiliates upon consumers' using the Groupon Website.

26. Groupon is able to sell the Relevant Services at a deeply discounted price as compared to competitors due to Groupon's share of the Market, which has driven down pricing for the Relevant Services and driven out competitors.

27. Groupon is able to sell the Relevant Services a deeply discounted price as compared to competitors due, at least in part, to the fact that Groupon engages in Metadata Infringement and thus diverts customers from businesses like LV Skydiving that are not Groupon Affiliates, further driving competitors with respect to the Relevant Services out of the Market.

28. On or about August 7, 2018, a person affiliated with an airport in southern Nevada speculated in a Facebook posting regarding whether LV Skydiving was a Groupon Affiliate and shared in the same posting a video originally posted on LV Skydiving's own Facebook page in which LV Skydiving congratulated an LV Skydiving customer on completing a tandem tethered skydive (the "Shared Facebook Congratulations").

29. Within hours of the posting of the Shared Facebook Congratulations, Groupon effectuated the posting of a comment with respect to the Shared Facebook Congratulations stating, "Hi! Here is the link to all the skydiving Groupon deals from Vegas, [link omitted]. Hope you'll find something for you!" (the "Predatory Groupon Link").

30. Consumers clicking on the Predatory Groupon Link reach a page on the Groupon site titled "skydive Fyrosity" (the "Unauthorized FYROSITY Page").

31. The Unauthorized FYROSITY Page only provides consumers with the ability to purchase the Relevant Services from Groupon, to be provided only by Groupon Affiliates and not by LV Skydiving.

32. The Unauthorized FYROSITY Page is designed by Groupon in a manner to obfuscate the fact that the Relevant Services advertised thereon are provided by Groupon Affiliates, not by LV Skydiving.

33. LV Skydiving has never authorized Groupon to use LV Skydiving's Mark in any manner.

34. LV Skydiving has requested that Groupon cease using LV Skydiving's Mark in any manner.

35. Groupon has not ceased using LV Skydiving's Mark despite LV Skydiving's request.

36. The artificial depression of pricing for the Relevant Services caused by Groupon has caused economic harm to LV Skydiving.

37. The Metadata Infringement has caused economic harm to LV Skydiving through Groupon's diversion of potential LV Skydiving customers to Groupon Affiliates.

38. Groupon's registered mark infringement and consequent false designation of

origin of the Relevant Services effectuated by pages like the Unauthorized FYROSITY Page has caused economic harm to LV Skydiving through Groupon's diversion of potential LV Skydiving customers to Groupon Affiliates.

39. The Groupon Website's functionality has caused economic harm to LV Skydiving by presenting consumers with the Unauthorized FYROSITY Page and comparable pages dependent on infringement of LV Skydiving's Mark and misappropriation of LV Skydiving's commercial property, which conduct has caused diversion of potential LV Skydiving customers to Groupon Affiliates.

## FIRST CAUSE OF ACTION
## MONOPOLIZATION UNDER 15 U.S.C § 2 (PRICING)

40. LV Skydiving realleges every allegation set forth above.

41. Groupon has gained the power to control prices and exclude competition in the Market.

42. Groupon has engaged in willful predatory and exclusionary anticompetitive acts directed at establishing and retaining Groupon's monopoly on the Relevant Services in the Market, including, without limitation, effectuating the artificial depression of prices for the Relevant Services in the Market in order to drive competitors out of business and/or to force those competitors to allow Groupon to act as the seller of the Relevant Services provided by those competitors.

43. LV Skydiving has been injured by Groupon's conduct in violation of § 2 of the Sherman Act by losing revenue due to lost sales emanating from Groupon's anticompetitive activity.

44. LV Skydiving is entitled to damages in relation to LV Skydiving's actual losses as well as treble damages.

45. LV Skydiving is entitled to LV Skydiving's attorneys' fees and costs in bringing this action.

## SECOND CAUSE OF ACTION

## MONOPOLIZATION UNDER 15 U.S.C § 2 (INTELLECTUAL PROPERTY MISUSE)

46. LV Skydiving realleges every allegation set forth above.

47. Groupon has gained the power to control prices and exclude competition in the Market.

48. Groupon has engaged in willful predatory and exclusionary anticompetitive acts directed at establishing and retaining Groupon's monopoly in the Market, including, without limitation, engaging in intellectual property misuse including, without limitation, the Metadata Infringement as part of the Groupon Scheme and thereby falsely leveraging, without permission, the intellectual property of businesses that are not Groupon Affiliates, including, without limitation, LV Skydiving, to illegitimately attain market share.

49. Groupon has engaged in willful predatory and exclusionary anticompetitive acts directed at establishing and retaining Groupon's monopoly in the Market, including, without limitation, engaging in the registered mark infringement and misappropriation of commercial property of LV Skydiving alleged further herein, to illegitimately attain market share.

50. LV Skydiving has been injured by Groupon's conduct in violation of § 2 of the Sherman Act by losing revenue due to lost sales emanating from Groupon's anticompetitive activity.

51. LV Skydiving is entitled to damages in relation to LV Skydiving's actual losses as well as treble damages.

52. LV Skydiving is entitled to LV Skydiving's attorneys' fees and costs in bringing this action.

## THIRD CAUSE OF ACTION

## DIRECT REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

53. LV Skydiving realleges every allegation set forth above.

54. Groupon is using and has used LV Skydiving's Mark (as used by Groupon, the "Infringing Mark") in commerce in connection with the sale, offering for sale, distribution, and advertising of services without LV Skydiving's consent (the "Infringing Mark Use").

55. The Infringing Mark Use is likely to cause confusion, cause mistake, or deceive consumers and the public with respect to the services offered in commerce by Groupon.

56. Groupon has willfully engaged in the Infringing Mark Use with knowledge that the Infringing Mark Use constitutes infringement of LV Skydiving's Mark.

57. The Infringing Mark Use has damaged and will continue to damage the reputation and goodwill of LV Skydiving established in connection with LV Skydiving's Mark, in violation of 15 U.S.C. § 1114.

58. LV Skydiving has sustained actual damages as a direct and proximate result of the Infringing Mark Use, and Groupon is liable to LV Skydiving for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

59. Groupon has profited as a direct and proximate result of the Infringing Mark Use, and Groupon is liable to LV Skydiving for the amount of those profits pursuant to 15 U.S.C. § 1117.

60. Groupon has incurred costs of suit in connection with bringing this action, and Groupon is liable to LV Skydiving for those costs of suit pursuant to 15 U.S.C. § 1117.

61. Groupon utilized LV Skydiving's Mark without authorization in derogation of LV Skydiving's exclusive rights under 15 U.S.C. § 1114.

## FOURTH CAUSE OF ACTION
## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER NEVADA COMMON LAW

62. LV Skydiving incorporates and realleges every allegation set forth above.

63. LV Skydiving has invested significant time, effort, and money in creating, publicizing, and protecting LV Skydiving's Mark and developing valuable goodwill arising from and associated with LV Skydiving's Mark ("LV Skydiving's Commercial Property"), including, without limitation, investments of hundreds of thousands of dollars in financial outlays and time value in website creation and maintenance; search engine optimization; mark creation, development, and protection efforts; and advertising and promotional efforts.

64. LV Skydiving has preserved LV Skydiving's right to license, encumber, or sell

LV Skydiving's Commercial Property to individuals or entities while LV Skydiving has expended substantial resources to increase the value of such potential licensing, encumbrance, or sales.

65. Groupon misappropriated LV Skydiving's Commercial Property by misappropriating LV Skydiving's Mark for Groupon's enrichment without appropriately compensating LV Skydiving.

66. LV Skydiving has sustained and will continue to sustain damages as a direct and proximate result of Groupon's misappropriation of LV Skydiving's Commercial Property, and Groupon is liable to LV Skydiving for the amount of those present and future damages.

67. LV Skydiving has been required to retain an attorney to prosecute this action, and Groupon is liable to LV Skydiving for LV Skydiving's attorney fees to the extent allowed by law.

68. LV Skydiving has incurred costs of suit in connection with bringing this action, and Groupon is liable to LV Skydiving for those costs of suit.

### FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT UNDER NEVADA COMMON LAW

69. LV Skydiving realleges every allegation set forth above.

70. Groupon benefited from the infringement and misappropriation of LV Skydiving's Mark.

71. Groupon retained such benefits at the expense of LV Skydiving.

72. The benefit retained by Groupon in equity and good conscience belonged to LV Skydiving.

73. LV Skydiving has sustained damages as a direct and proximate result of Groupon's acts as alleged herein, and Groupon is liable to LV Skydiving for such damages.

### PRAYER FOR RELIEF

LV Skydiving prays for judgment against Groupon as follows:

a. For three times LV Skydiving's damages caused by Groupon's anticompetitive activity in violation of § 2 of the Sherman Antitrust Act pursuant to 15 U.S.C. § 15(a);

b. For three times LV Skydiving's actual damages and/or for Groupon's profits caused by the Infringing Use;

c. For actual damages for the misappropriation by Groupon of the LV Skydiving Commercial Properties;

d. For permanent injunctive relief against further infringement by Groupon of LV Skydiving's Mark;

e. For equitable relief for the unjust enrichment of Groupon at LV Skydiving's expense, in the form of disgorgement of profits and a permanent injunction;

f. For attorney fees from Groupon for Groupon's mark infringement and false designation of origin pursuant to 15 U.S.C. § 1117(a);

g. For attorney fees from Groupon for Groupon's anticompetitive activity pursuant to 15 U.S.C. § 15(a);

h. For costs of suit;

i. For prejudgment simple interest on actual damages beginning on the date of service of this Complaint pursuant to 15 U.S.C. § 15(a); and

j. For any other relief this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

LV Skydiving hereby requests trial by jury on all causes of action so triable.

Respectfully submitted this 10th day of December, 2018.

                GIBSON LOWRY LLP

By  /s/ J.D. Lowry.
     STEVEN A. GIBSON, ESQ.
     Nevada Bar No. 6656
     sgibson@gibsonlowry.com
     JODI DONETTA LOWRY, ESQ.
     Nevada Bar No. 7798
     jlowry@gibsonlowry.com
     7495 West Azure Drive, Suite 233
     Las Vegas, Nevada 89130
     (702) 541-7888 Telephone
     (702) 541-7899 Facsimile
     *Attorneys for Plaintiff*

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899