STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlowry.com
KRISTINA MILETOVIC, ESQ.
Nevada Bar No. 14089
kmiletovic@gibsonlowry.com

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:18-cv-02342-APG-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiff Las Vegas Skydiving Adventures LLC ("Plaintiff" or "LV Skydiving") and Defendant Groupon, Inc. ("Groupon;" Plaintiff and Groupon, the "Parties;" Plaintiff or Groupon, a "Party"), by and through their respective counsel of record hereby stipulate and agree that the materials to be exchanged throughout the course of this litigation between the Parties may contain information that is potentially protectable pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c)(1)(G). The purpose of this Stipulated Confidentiality Agreement and Protective Order (the "Order") is to set forth a protocol governing the Parties' conduct with respect to the treatment of such materials. THEREFORE:

I.  **DEFINITIONS**

The following terms shall have the following meanings:

1

a. "Case" shall mean the above-captioned litigation.

b. "Confidential Information" shall mean any Content that is potentially protectable pursuant to FRCP 26(c)(1)(G) and is designated as confidential in the manner set forth in this Order.

c. "Content" shall mean all material, information, knowledge, matter, text, software, data, graphics, computer-generated displays and interfaces, images, and works of any nature, including, without limitation, all compilations of the foregoing and all results and/or derivations of the expression of the foregoing.

d. "Document" shall mean all Content embodied in any tangible Media, whether in draft, in final, original or reproduction, signed or unsigned, and regardless of whether or not approved, sent, received, redrafted, or executed. "Document" shall exclude exact duplicates when originals are available, but shall include all native Media copies and all copies made different from originals by virtue of any writings, notations, symbols, characters, impressions, or any other marks thereon.

e. "Media" shall mean any medium of expression or medium in or through which Content may be embodied or Published (whether tangible or intangible, fixed or unfixed), including, without limitation, written communications, electronic mail, letters, correspondence, memoranda, notes, records, returns, voice mail, balance sheets, business records, photographs, tape or sound recordings, magnetic disks, read-only memory, random access memory, contracts, agreements, notations of telephone conversations or in-person conversations, diaries, desk calendars, reports, computer records, data compilations of any type or kind, television, facsimile, telephony, radio, satellite, cable, wire, network, optical means, electronic means, Internet, intranet, software, compact disks, digital versatile disks, laser disks, digital video displays, multi-media, or materials similar to any of the foregoing, however denominated and to whomever addressed, and any other method (now known or hereafter developed) for the Publication, retention, conveyance, possession, or holding of Content.

f. "Person" shall mean any individual, corporation, partnership, limited partnership,

limited-liability partnership, limited-liability company, trust, association, organization or any form of entity whatsoever.

        g.      "Publication" shall mean the result of anything that has been Published.

        h.      "Publish" shall mean to make known or otherwise disclose, display, present, communicate, convey, or transfer, whether to one Person or more than one Person, and whether or not for the first time.

All of the defined terms, if defined in the singular or present tense, shall also retain such general meaning if used in the plural or past tense, and, if used in the plural or past tense, shall retain the general meaning if used in the singular or present tense.

## II.   PROTOCOL

### A.   *Designation of Confidential Information*

Any Party producing potentially confidential information in this Case (the "Producing Party;" the Party receiving the potentially confidential information from the Producing Party, the "Receiving Party") may designate any information as Confidential Information if such designation is: 1) made reasonably; 2) made in good faith; 3) in the context of Documents, made by clearly and visibly affixing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on a Bate stamped Document; and 4) in the case of deposition testimony, clearly identified as confidential during the course of the deposition, on the record (a "Confidentiality Designation"); provided, however, no Party shall designate any information as Confidential Information if the information: 1) is known to Persons outside the Parties without such information being protected by a Confidentiality Designation; 2) has come or will come into the Receiving Party's legitimate knowledge independently of production by the Producing Party; 3) is already public knowledge; or 4) becomes public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order.

Confidential Information designated as "CONFIDENTIAL" shall not be disclosed to any Persons besides the Parties, counsel of record for each respective Party and employees and agents of such counsel of record, experts consulted or retained as part of this Case, and any

3

Person indicated on the face of a Document to be the Document's originator, author, or a recipient of a copy of the Document.

Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any Persons besides counsel of record for each respective Party and employees and agents of such counsel of record, experts consulted or retained as part of this Case, and any Person indicated on the face of a Document to be the Document's originator, author, or a recipient of a copy of the Document.

A Party seeking to use Confidential Information in support of a Court filing must file the Confidential Information under seal pursuant to the Local Rules and note that the Confidential Information was filed under seal pursuant to this Order. Any such filings made under seal shall remain under seal until such time, if any, that the information loses the confidentiality status.

Disclosure of Confidential Information to any expert consulted or retained as part of this Case shall only be made if counsel for each respective Party instructs any such expert who is consulted or retained by that Party of the terms of this Order.

Disclosure of Confidential Information designated as "CONFIDENTIAL" to any Party shall only be made if counsel for such Party instructs that Party of the terms of this Order.

If a Party, by way of mere administrative oversight, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party within thirty (30) days of the production that the Document or thing produced is deemed Confidential Information, and that the Document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the materials as confidential once the Producing Party so notifies the Receiving Party. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the materials produced by way of mere administrative oversight

4

as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" – SUBJECT TO PROTECTIVE ORDER.

If Confidential Information is disclosed to any Person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must promptly notify the other Parties in writing and, without prejudice to any rights and remedies of the other Parties, and in an effort to prevent further disclosure by the Party and by the Person(s) receiving the unauthorized disclosure, request in writing that the Person(s) receiving the unauthorized disclosure promptly delete any copies of the unauthorized disclosure in the Person(s)' custody or control.

### B. *Objection to a Confidentiality Designation*

At any stage of this Case, any Party may object to a Confidentiality Designation (the "Designation Objection"). The Party making a Designation Objection (the "Objecting Party") must notify, in writing, counsel for the Party who made the Confidentiality Designation (the "Designating Party") of the designation of exactly which Confidential Information the Objecting Party objects regarding, by identifying with particularity any such Confidential Information, including, without limitation, by Bates number if applicable.

### C. *Protection of a Confidentiality Designation*

If an Objecting Party makes a Designation Objection and if the Designating Party wishes to protect the Confidentiality Designation that is the subject of the Designation Objection, the Designating Party shall, after conferring regarding the same with the Objecting Party, move the Court for a protective order regarding the Confidential Information that is the subject of the Designation Objection within fourteen (14) days of the notice of the Designation Objection. If the Designating Party does not move the Court for such a protective order within fourteen (14) days of the notice of the Designation Objection, then the Confidential Information that was the subject of the Confidentiality Designation at issue (and only that Confidential Information) shall automatically lose its status as Confidential Information, shall no longer be the subject of a Confidentiality Designation, and shall no longer be required to be kept confidential ("Waiver of Confidentiality").

### D. *Confidential Information Upon Termination of This Action*

Upon final termination of this Case, including any and all appeals, counsel of record for each Party must, upon written request of the Producing Party, return all Confidential Information to the Producing Party, including any copies, excerpts, and summaries of the Confidential Information, or must destroy the Confidential Information at the option of the Receiving Party, and must purge all such Confidential Information from all Media in the control or custody of the Receiving Party on which the Confidential Information resides. Notwithstanding the foregoing, counsel of record for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate the Confidential Information and will continue to be bound by this Order with respect to all such retained Confidential Information.

Further, attorney work product materials that contain the Confidential Information (the "Work Product") need not be destroyed, but, if the Work Product is not destroyed, the Person in possession of the Work Product will continue to be bound by this Order with respect to all such retained Confidential Information.

**IT IS SO STIPULATED.**

DATED this 10th day of May, 2019.     DATED this 10th day of May, 2019.

**GIBSON LOWRY LLP**                  **GREENBERG TRAURIG, LLP**

*/s/ Kristina Miletovic*              */s/ Tyler Andrews*
STEVEN A. GIBSON                      MARK E. FERRARIO
Nevada Bar No. 6656                   Nevada Bar No. 1625
KRISTINA MILETOVIC                    10845 Griffith Peak Drive, Suite 600
Nevada Bar No. 14089                  Las Vegas, Nevada 89135
7495 West Azure Drive, Suite 233      TYLER ANDREWS
Las Vegas, Nevada 89130               Nevada Bar No. 9499
*Counsel for Plaintiff*               3161 Michelson Drive, Suite 1000
                                      Irvine, California 92612-4410
                                      *Counsel for Defendant*

**IT IS SO ORDERED.**
**UNITED STATES MAGISTRATE JUDGE**

5-13-2019
**DATED**:

7