1  STEVEN A. GIBSON, ESQ.
   Nevada Bar No. 6656
2  sgibson@gibsonlowry.com
   KRISTINA MILETOVIC, ESQ.
3  Nevada Bar No. 14089
   kmiletovic@gibsonlowry.com
4
5                    GIBSON LOWRY LLP
             7495 West Azure Drive, Suite 233
6                 Las Vegas, Nevada 89130
                  Telephone 702.541.7888
7                  Facsimile 702.541.7899

8  *Attorneys for Plaintiff*

9                UNITED STATES DISTRICT COURT

10                   DISTRICT OF NEVADA

11  LAS VEGAS SKYDIVING ADVENTURES         Case No.:  2:18-cv-02342-APG-VCF
    LLC, a Nevada limited-liability company,
12                                          **PLAINTIFF'S MOTION FOR**
                                            **SPOLIATION SANCTIONS AND**
13                 Plaintiff,               **SANCTIONS PURSUANT TO THE**
        v.                                  **COURT'S INHERENT AUTHORITY**
14
    GROUPON, INC., a Delaware corporation,  **ORAL ARGUMENT REQUESTED**
15
16                 Defendant.

17

18          Plaintiff Las Vegas Skydiving Adventures LLC ("Plaintiff" or "LV Skydiving"), by and

19  through its counsel, Gibson Lowry LLP, hereby files this Motion for Spoliation Sanctions and

20  Sanctions Pursuant to the Court's Inherent Authority (the "Motion").

21          This Motion is based on the memorandum of points and authorities set forth herein, the

22  pleadings and papers of record in this matter, any oral argument of counsel adduced at any

23  hearing this Court may hold with respect to the Motion, and any other evidence or other material

24  of which this Court wishes to take notice.

25

26

27

28

                                        1

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.     INTRODUCTION**

3          Defendant Groupon, Inc. ("Groupon")'s tactics in attacking the marketplace unfairly are,

4  quite unfortunately, spilling over into tactics before this Court.  This Court specifically

5  authorized discovery into whether Groupon used Plaintiff's mark ("FYROSITY"; the "Mark").

6  Plaintiff, by way of written discovery, sought any document that contained the Mark in

7  Groupon's possession.  Groupon responded that no such document existed.  Plaintiff, by way of

8  both Plaintiff's own access to publicly accessible Groupon media and through the activities of an

9  expert in the field, W. Anthony Mason ("Mr. Mason"), found metadata containing the Mark

10 present in Groupon-controlled media, including, without limitation, in metadata.  Furthermore,

11 Mr. Mason, through a painstaking analysis, has concretely concluded that the Mark must have

12 existed and/or must exist in Groupon-controlled media.  Groupon's refusal to comply with the

13 request to turn over the media within which the Mark must exist or have existed is conclusive

14 evidence of both spoliation and non-compliance with discovery.  Sanctions are in order.

15 **II.    FACTS**

16         On or about August 7, 2018, the date that Plaintiff was made aware of Groupon's usage

17 of the Mark in Groupon-controlled media, Plaintiff notified Groupon of Groupon's inappropriate

18 actions regarding Plaintiff's Mark. Printout of Mesquite Airport's Facebook page, attached

19 hereto and incorporated herein as Exhibit 1. Plaintiff filed the complaint on December 10, 2018,

20 notifying Groupon again of the existence of the Mark in Groupon-controlled media [ECF No. 1].

21         This Court ordered, on March 11, 2019, that discovery may occur with respect to the

22 existence and/or use of the Mark in media controlled by Groupon.  Order Regarding Motion to

23 Stay Discovery [ECF No. 19], p.6:19-24.

24

25

26

27

28

2

1    Plaintiff, on April 2, 2019, requested Documents[1] that: 1) in any way, in whole or in part,

2    Concern[2] the Mark; and 2) that in any way, in whole or in part, depict the text "fyrosity."

3    Plaintiff Las Vegas Skydiving Adventures LLC's First Set of Requests for Production of

4    Documents to Defendant Groupon, Inc., attached hereto and incorporated herein as Exhibit 2,

5    p.8:5-8 (the "RPDs").

6    Groupon responded that no such Documents existed. Defendant Groupon, Inc.'s

7    Responses to Plaintiff's Requests for Production of Documents, Set One, attached hereto *sans*

8    exhibits and incorporated herein as Exhibit 3, p.6:23-28.

9    Plaintiff found, through publicly accessible means, the Mark existing in Groupon-

10   controlled media, attached hereto and incorporated herein as Exhibit 4, Bates LVSKYDIVING-

11   0050, including, without limitation, the following metadata: "<meta property="og:title"

12   content="skydive ***Fyrosity*** | Groupon">" (emphasis added) (the "Salient Example").

13

14   [1] "Documents" was defined as "all Content embodied in any tangible Media, whether in draft, in
15   final, original or reproduction, signed or unsigned, and regardless of whether or not approved,
     sent, received, redrafted, or executed.  "Document" shall exclude exact duplicates when originals
16   are available, but shall include all native Media copies and all copies made different from
     originals by virtue of any writings, notations, symbols, characters, impressions, or any other
17   marks thereon." Exhibit 2, p.4:22-23.

18   "Content" was defined as ""all material, information, matter, text, Software, data, ***metadata***,
     graphics, computer-generated displays and interfaces, images, and works of any nature,
19   including, without limitation, all compilations of the foregoing and all results and/or derivations
     of the expression of the foregoing." (Emphasis added). Exhibit 2, p.4:18-21.

20   "Media" was defined as "any medium of expression or medium in or through which Content
21   may be embodied or Published (whether tangible or intangible, fixed or unfixed), including,
     without limitation, written Communications, electronic mail, letters, correspondence,
     memoranda, notes, records, returns, voice mail, balance sheets, business records, photographs,
22   tape or sound recordings, magnetic disks, read-only memory, random access memory, Contracts,
     agreements, notations of telephone conversations or in-person conversations, diaries, desk
23   calendars, reports, computer records, data compilations of any type or kind, television, facsimile,
     telephony, radio, satellite, cable, wire, network, optical means, electronic means, Internet,
24   intranet, software, compact disks, digital versatile disks, laser disks, digital video displays, multi-
     media, or materials similar to any of the foregoing, however denominated and to whomever
25   addressed, and any other method (now known or hereafter developed) for the Publication,
     retention, conveyance, possession, or holding of Content (definitions for Content, Published,
26   Communications, and Contracts omitted.) Exhibit 2, p.6:1-12.

27   [2] "Concerning" was defined as "depicting, referring to, pertaining to, relating to, about,
     concerning, regarding, involving, describing, embodying, mentioning, evidencing, arising out of,
28   discussing or evaluating, whether directly or indirectly." Exhibit 2, p.4:15-17.

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

1      Plaintiff also confirmed by way of expert testimony that the Mark must have existed

2   and/or exists in Groupon-controlled media and such confirmation is set forth in Mr. Mason's first

3   declaration, dated May 28, 2019, attached hereto and incorporated herein as Exhibit 5 (the "First

4   Mason Declaration").

5      On May 17, 2019, in regards to the RPDs, counsel for Groupon stated that Groupon

6   conducted an exhaustive metadata search and nothing "on Groupon's site or in Groupon's

7   universe" mentions the Mark. Declaration of Kristina Miletovic, Esq., attached hereto and

8   incorporated herein as Exhibit 6, p.2:2-4. Counsel for Plaintiff discussed Groupon's use of the

9   Mark in Groupon's social media advertising. Counsel for Groupon responded that the responses

10  to RPDs "are what they are" and that any usage of the Mark in Groupon's social media

11  advertising is "incidental." *Id.,* at 2:5-7.

12     In deposition, Plaintiff presented to Groupon's corporate representative Mr. Pankaj

13  Kumar ("Mr. Kumar") the First Mason Declaration and Mr. Kumar appeared to disagree with

14  Mr. Mason's findings. Deposition Transcript of Pankaj Kumar, attached hereto and incorporated

15  herein as Exhibit 7, p. 52-109.

16     Upon review of Mr. Kumar's deposition testimony, Mr. Mason prepared a supplemental

17  declaration (attached hereto and incorporated herein as Exhibit 8 and known herein as the

18  "Second Mason Declaration") addressing Mr. Kumar's testimony and stating emphatically that

19  Mr. Mason remains convinced that the Mark must have existed and/or exists in Groupon-

20  controlled media and that Mr. Kumar's observations are troubled at best.

21  **III.     ARGUMENT**

22          *A.     **The Spoliation Standard.***

23     Destruction of and failure to preserve documents clearly constitutes spoliation.  Indeed,

24  Federal Rule of Civil Procedure ("FRCP") 37(e) clearly provides:

25          "(e) FAILURE TO PRESERVE ELECTRONICALLY STORED
            INFORMATION. If electronically stored information that should have
26          been preserved in the anticipation or conduct of litigation is lost
            because a party failed to take reasonable steps to preserve it, and it
27          cannot be restored or replaced through additional discovery, the
            court:
28          (1) upon finding prejudice to another party from loss of the

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

1    information, may order measures no greater than necessary to cure
     the prejudice; or

2    (2) only upon finding that the party acted with the intent to deprive
     another party of the information's use in the litigation may:

3        (A) presume that the lost information was unfavorable to the
     party;

4        (B) instruct the jury that it may or must presume the information
     was unfavorable to the party; or

5        (C) dismiss the action or enter a default judgment."

6    The applicable standard of proof for spoliation motions in the Ninth Circuit is the preponderance

7    of evidence. *OmniGen Research, LLC v. Wang*, 321 F.R.D. 367, *372, 2017 U.S. Dist. LEXIS

8    78107, 2017 WL 2260071 (D. Or. May 23, 2017) (citing, *e.g. Compass Bank v. Morris Cerullo*

9    *World Evangelism*, 104 F. Supp. 3d 1040, 1052-53 (S.D. Cal. 2015); *LaJocies v. City of N. Las*

10   *Vegas*, No. 2:08-CV-00606-GMN, 2011 U.S. Dist. LEXIS 49046, 2011 WL 1630331, at *1 (D.

11   Nev. Apr. 28, 2011)). The party seeking spoliation sanctions must prove:

12       (1) the party having control over the evidence had an obligation to
         preserve it when it was destroyed or altered; (2) the destruction or

13       loss was accompanied by a 'culpable state of mind'; and (3) the
         evidence that was destroyed or altered was 'relevant' to the claims

14       or defenses of the party that sought the discovery of the spoliated
         evidence.

15

16   *Brannan v. Bank of Am.*, No. 2:16-cv-01004-GMN-GWF, 2017 U.S. Dist. LEXIS 148527, at *4-

17   5 (D. Nev. Sep. 13, 2017) (citing *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997,

18   1005 (D. Ariz. 2011). A spoliation remedy requires some degree of culpability. *UMG*

19   *Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*,

20   462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). The common-law and the FRCP 37(e) duties to

21   preserve evidence are consonant. *Spencer v. Lunada Bay Boys*, No. CV 16-02129-SJO (RAOx),

22   2017 U.S. Dist. LEXIS 217424, at*16-17 (C.D. Cal. Dec. 13, 2017) (citing Committee Notes on

23   Rules – 2015 Amendment). "A party must preserve evidence it knows or should know is relevant

24   to a claim or defense of any party, or that may lead to the discovery of relevant

25   evidence." *Spencer*, at *16-17 (citing *Compass Bank v. Morris Cerullo World Evangelism*, 104

26   F. Supp. 3d 1040, 1051 (S.D. Cal. 2015). When the duty to preserve arises is an objective

27   standard that asks not whether the party in fact reasonably foresaw litigation, but whether a

28   reasonable party in the same factual circumstances would have reasonably foreseen

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

5

litigation. *Spencer*, at *16-17 (citing *ILWU-PMA Welfare Plan Board of Trustees v. Connecticut General Life Insurance Co.*, No. C 15-02965 WHA, 2017 U.S. Dist. LEXIS 10529, 2017 WL 345988, at *4 (N.D. Cal. Jan. 24, 2017)). "When litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Spencer*, at *16-17 (citing *Security Alarm Financing Enterprises, L.P. v. Alarm Protection Technology*, Case No. 3:13-cv-00102-SLG,2016 U.S. Dist. LEXIS 168311, 2016 WL 7115911, at *3 (D. Alaska Dec. 6, 2016) (quoting *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011))). Unequivocally, the latest date that the duty to preserve evidence attaches is the date on which a complaint is filed. *In re Napster*, at 1068 (holding that the duty to preserve evidence attaches as soon as litigation is probable or reasonable anticipated, even if a complaint has not yet been filed). The proper intent inquiry is "whether the party intended to impair the ability of the adverse party to preserve its claims or defenses." *Brown v. Albertsons, LLC*, No. 2:16-cv-01991-JAD-PAL, 2017 U.S. Dist. LEXIS 72118, at *26 (D. Nev. May 10, 2017) (citing *Micron Technology, Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (9th Cir. 2011) (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 80 (3rd Cir. 1994))). In the Ninth Circuit, bad faith is not required to warrant an imposition of sanctions. *Brannan*, at *5 (citing *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 627 (C.D. Cal. 2013)). A party's destruction of evidence qualifies as willful if the party has "some notice that the documents were potentially relevant to the litigation before they were destroyed." *OmniGen Research, LLC*, at *371 (citing *Leon*, at 959). Many courts in the Ninth Circuit have instructed that "the culpable state of mind includes negligence." *Brannan*, at *4-6 (citing *Reinsdorf,* at 628; *FTC v. Lights of America Inc.*, 2012 U.S. Dist. LEXIS 17212, 2012 WL 695008 at *2 (C.D.Cal. Jan. 20, 2012); *Housing Rights Center v. Sterling*, 2005 U.S. Dist. LEXIS 44769, 2005 WL 3320739 at *8 (C.D.Cal. Mar. 2, 2005); *Cottle—Banks v. Cox Communications, Inc.*, 2013 U.S. Dist. LEXIS 72070, 2013 WL 2244333 at *14 (S.D.Cal. May 21, 2013); *Aguirre v. Home Depot U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 119979, 2012 WL 3639074 at *3 (E.D.Cal. Aug. 23, 2012)).

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

6

**B.**   ___The Mark Existed In Groupon Media.___

The prerequisite of the existence of the document or content is met here.  There is no real question that the Mark existed and/or exists in Groupon-controlled media.[3]  Exhibit 8 reveals same emphatically on numerous pages.  *See e.g.* Exhibit 8, p. 5:12-8:10, 8:31-27:5. The Second Mason Declaration discusses, with great technological sophistication, such existence.  Moreover, Mr. Mason is clearly an expert given his background.

**C.**   ___Groupon Has Engaged In Spoliation.___

> **1.**   **Groupon Failed To Preserve The Groupon-Controlled Media Using The Mark.**

Groupon failed to preserve the evidence showing the illegal use of the Mark by Groupon in Groupon-controlled media. While it is true that Groupon has, to date, been unwilling to admit to the destruction and/or failure to preserve the relevant content, that does not mean such destruction or failure has not occurred. Indeed, all evidence is to the contrary. Notably, Groupon has emphatically stated that the relevant content does not exist. What appears to be true is that the relevant content does exist and that Groupon's unwillingness to produce documents bearing such content coupled with Groupon's contention of non-existence leads inexorably to the conclusion of spoliation. Plaintiff notified Groupon of Groupon's improper use of the Mark on or about August 7, 2018, the same date that Groupon created and used the Salient Example. Exhibit 1; Exhibit 4. Plaintiff filed the complaint on December 10, 2018 [ECF No. 1]. Groupon disclaimed the existence of any Groupon-controlled media using the Mark, including, without limitation, disclaiming the existence of the Salient Example, Exhibit 3, p.6:23-28; Exhibit 6, p.2:2-4; Exhibit 7, p. 52-109. As Groupon unequivocally disclaimed the existence of the Groupon-controlled media using the Mark, which is known to exist and is obviously critical to Plaintiff's case, Groupon failed to take reasonable steps to preserve this evidence. Groupon's intent to deprive Plaintiff of the Groupon-controlled media using the Mark is evident due to Groupon's unequivocal disclaimer of the existence of such evidence that is, in fact, known to

---

[3] Given Groupon's disclaimer of existence of the Mark in any Groupon-controlled media, Plaintiff has concerns as to the extent that the Mark existed/exists in Groupon-controlled media.

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

1    exist and known to be in Groupon's custody, control, or possession. After Groupon used the

2    Mark on or about August 7, 2018 and Plaintiff disputed such use on that same day, Groupon's

3    blanket disclaimer of the existence, "on Groupon's site or in Groupon's universe," Exhibit 6,

4    p.2:2-4, of any Groupon-controlled media using the Mark blatantly indicates deception. The

5    deception is compounded in Groupon's maintaining the blanket disclaimer of existence of any

6    such use of the Mark by Groupon after: 1) the complaint pointed Groupon to existence of such

7    use of the Mark by Groupon; 2) Plaintiff's counsels' discussion with Groupon's counsel of the

8    existence of such use of the Mark by Groupon that appears in metadata controlled by Groupon;

9    and 3) the expert testimony provided in the Second Mason Declaration. Groupon's continued

10   assertion of the incorrect unequivocal statement that the Groupon-controlled media using the

11   Mark never existed, after so much information has been provided to Groupon regarding

12   existence of same, can only be made intentionally, in an effort to deceive and prevent Plaintiff

13   from building its case.

**2.      Restoration Or Replacement Of The Groupon-Controlled Media Using The Mark Is Not Viable.**

16          Restoration or replacement does not appear to be an option. The Groupon-controlled

17   media using the Mark cannot be restored or replaced through additional discovery because

18   Groupon has disclaimed the existence of any Groupon-controlled media using the Mark.

19   Preexistence of evidence must logically be a prerequisite to restoration or replacement. In the

20   instant case, Groupon unequivocally claims the Mark has never appeared in any Groupon-

21   controlled media. Groupon thus forecloses upon the potential construct of restoration or

22   replacement. Obviously, if Mr. Mason is to be believed in addition to Groupon's emphatic

23   insistence that no Groupon-controlled media using the Mark ever existed, the only conclusion is

24   that Groupon destroyed the Groupon-controlled media using the Mark. Restoration or

25   replacement are therefore essentially academic concepts in a scenario such as in this case, where

26   Groupon has clearly insisted that no Groupon-controlled media using the Mark has ever existed,

27   after being provided and re-provided with notice several times of the existence of Groupon-

28   controlled media using the Mark.

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

3. **Plaintiff Need Not Show Prejudice In Order To Receive An Adverse Inference Related To Groupon's Spoliation.**

As Groupon intended to deprive Plaintiff of the use of Groupon-controlled media using the Mark, Plaintiff need not show prejudice in order to obtain an adverse instruction against Groupon. In a spoliation analysis, a finding of intent to deprive another party of the use of information in litigation eliminates the requirement that the non-spoliating party be prejudiced by the spoliation, *OmniGen Research, LLC,* at \*371-72. Therefore, as Groupon's intent to deprive Plaintiff is clear, without a showing of prejudice, a jury instruction is warranted regarding an adverse presumption against Groupon.

4. **The Severe Prejudice Groupon Caused Plaintiff Is Patent.**

The Groupon-controlled media using the Mark is critical evidence in Plaintiff's intellectual property misuse monopolization, direct registered mark infringement, misappropriation of commercial properties, and unjust enrichment claims (the "Intellectual Property-Related Claims"), and Groupon has deprived Plaintiff of this evidence as well as undermined the Court's ability to enter a judgment based on such evidence. Such actions have warranted even case terminating sanctions for the spoliation of evidence pursuant to FRCP 37(e). *OmniGen Research, LLC,* at 372\*. Plaintiff is clearly severely prejudiced by Groupon's destruction of the evidence critical to Plaintiff's Intellectual Property-Related Claims.

D. *Groupon's Spoliation Merits Sanctions.*

Groupon's deceptive intent to destroy the Groupon-controlled media using the Mark warrants, at a minimum, a presumption that Groupon is liable for each of the Intellectual Property-Related Claims based upon Groupon's destruction of evidence of the existence of the Mark in Groupon-controlled media and the prejudice which Groupon has inflicted on Plaintiff warrants sanctions necessary to cure such prejudice, including, without limitation, attorneys' fees and costs necessitated by Groupon's spoliation. FRCP 37(e)(2)(B) provides that "the court […] upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may […] instruct the jury that it may or must presume the information was unfavorable to the party." The adverse inference instructions of FRCP(e) are not dispositive of a

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

1    case. *Cordoba v. Pulido*, No. C 12-04857 SBA, 2017 U.S. Dist. LEXIS 123664, at *2 (N.D. Cal.

2    Aug. 4, 2017). An adverse inference against Groupon is necessary in this matter due to

3    Groupon's intentional spoliation of evidence critical to Plaintiff's Intellectual Property-Related

4    Claims. In destroying Groupon-controlled media evidencing existence of the Mark, Groupon has

5    foreclosed upon Plaintiff's fair and appropriate exploration and presentation of Plaintiff's

6    Intellectual Property-Related Claims. Groupon has also foreclosed presentation of such evidence

7    to a jury and has thus undermined the Court's orderly administration of justice. Therefore, a

8    presumption that Groupon is liable for all Intellectual Property-Related Claims is, at a minimum,

9    appropriate for presentation to the jury due to Groupon's destruction of evidence of the existence

10   of the Mark in Groupon-controlled media. In addition, monetary sanctions are appropriate.

11   "There is no requirement in Rule 37(e) or the Committee Notes that a court must make a finding

12   of bad faith before imposing monetary sanctions, and district courts have imposed monetary

13   sanctions pursuant to Rule 37(e)(1)." *Spencer*, at *5 (citing *e.g., Blumenthal Distributing, Inc. v.*

14   *Herman Miller*, Case No. ED CV 14-1926-JAK (SPx), 2016 U.S. Dist. LEXIS 184932, 2016

15   WL 6609208, at *26 (C.D. Cal. July 12, 2016), *adopted in part by* 2016 U.S. Dist. LEXIS

16   184930, 2016 WL 6901696 (C.D. Cal. Sept. 2, 2016); *Matthew Enterprise, Inc. v. Chrysler Grp.*

17   *LLC*, Case No. 13-cv-04236-BLF, 2016 U.S. Dist. LEXIS 67561, 2016 WL 2957133, at *5

18   (N.D. Cal. May 23, 2016)). Pursuant to FRCP 37(e)(1), upon a finding of prejudice, a court is

19   authorized to employ measures "no greater than necessary to cure the prejudice." FRCP

20   37(e)(1).[4] The range of measures to cure prejudice is quite broad and "[m]uch is entrusted to the

21   court's discretion." *Spencer*, at *4-5 (citing Committee Notes on Rules – 2015 Amendment).

22   Groupon's spoliation necessitated, including, without limitation, the filing of the instant Motion,

23   filing a reply, and potentially attending a hearing on the Motion, and Plaintiff therefore seeks an

24   award of such fees and costs.

25

26

27

───────────

28   [4] *OmniGen Research, LLC,* at *371-72

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

1

2

**E.** _**Groupon's Actions Warrant Sanctions Pursuant To The Court's Inherent**_

_**Authority.**_

3      Separately and distinctly from the spoliation analysis, sanctions are warranted pursuant to

4  the Court's inherent authority due to Groupon misrepresentations that the Groupon-controlled

5  media using the Mark never existed, thereby preventing presentation of such evidence critical to

6  Plaintiff's case. District courts have "inherent power to levy appropriate sanctions against a party

7  who prejudices its opponent through the spoliation of evidence." _Hall v. City of Depoe Bay_, No.

8  3:17-cv-00479-JR, 2018 U.S. Dist. LEXIS 166640, at *11 (D. Or. June 28, 2018) (citing _Leon,_ at

9  958; _Apple Inc.,_ at 985).[5] The Ninth Circuit has approved the use of adverse inferences as

10  sanctions for spoliation of evidence, and trial courts have widely adopted the Second Circuit's

11  three-part test, which provides that:

> [A] party seeking an adverse inference instruction based on the
> destruction of evidence must establish[:] (1) that the party having
> control over the evidence had an obligation to preserve it at the
> time it was destroyed; (2) that the records were destroyed 'with a
> culpable state of mind'; and (3) that the evidence was 'relevant' to
> the party's claim or defense such that a reasonable trier of fact
> could find that it would support that claim or defense. (Internal
> citations omitted).

12

13

14

15

16

17  _Apple Inc._, at 989-90. The Court has inherent power to sanction in the form of attorneys' fees

18  against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive

19  reasons." _Leon,_ at 961 (citing _Primus Auto. Fin. Servs., Inc. v. Batarse_, 115 F.3d 644, 648 (9th

20  Cir. 1997)). A party may demonstrate bad faith "by delaying or disrupting the litigation." _Leon._

21  at 649 (internal quotation marks and citation omitted). The monetary sanction amount must be

22  reasonable. _Leon,_ at 649 (citing _Brown v. Baden (In re Yagman)_, 796 F.2d 1165, 1184 (9th Cir.),

23  _as amended by_ 803 F.2d 1085 (1986) (reviewing a Rule 11 sanction but announcing a standard

24  applicable to other sanctions as well)). A party's destruction of evidence qualifies as willful if the

25  party has "some notice that the documents were potentially relevant to the litigation before they

26

27  [5] _Please see also Commercial Ins. Co. v. Gonzalez_, 512 F.2d 1307, 1314 (1st Cir. 1975) ("It is
elementary that if a party has evidence […] in its control and fails to produce it, an inference
28  may be warranted that the document would have been unfavorable.")

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

1   were destroyed." *OmniGen Research, LLC*, at \*371 (citing *Leon*, at 959). Groupon axiomatically

2   has control of all Groupon-controlled media evidencing existence of the Mark. Groupon

3   destroyed the records of Groupon-controlled media evidencing the existence of the Mark with a

4   culpable state of mind (as Groupon still claims that such media never existed, in contravention to

5   the Second Mason Declaration). Groupon-controlled media evidencing the existence of the Mark

6   is patently relevant to the Intellectual Property-Related Claims. Groupon's actions in disclaiming

7   the existence of the Mark in all Groupon-controlled media deprives Plaintiff of evidence critical

8   to Plaintiff's Intellectual Property-Related Claims and also undermines the Court's ability to

9   reach a rightful decision regarding such claims. Through destroying evidence of Groupon-

10  controlled media evidencing the existence of the Mark, Groupon has undermined the expeditious

11  resolution of this case, the Court's ability to manage its docket, severely prejudiced Plaintiff,

12  and intentionally attempts to frustrate disposition of this case on its merits (especially in

13  conjunction with Groupon's filing of its Motion to Dismiss [ECF No. 9] and Motion for

14  Discovery Stay [ECF No. 12]). Therefore, pursuant to the Court's inherent authority, an adverse

15  inference should be granted against Groupon providing that Groupon is liable for each of the

16  Intellectual Property-Related Claims based upon Groupon's destruction or and/or intentional

17  concealment of the Groupon-controlled media evidencing existence of the Mark by way of

18  persistent misrepresentations regarding the non-existence of any Groupon-controlled media

19  evidencing existence of the Mark. Additionally, Groupon should pay Plaintiff's attorneys' fees

20  and costs necessitated by Groupon's deceptive, unequivocal misrepresentations that no Groupon-

21  controlled media evidencing existence of the Mark ever existed, including, without limitation,

22  fees and costs incurred by Plaintiff in filing this Motion, filing a reply, and attending a hearing

23  on the Motion.

24  **IV.    CONCLUSION**

25          For the reasons set forth herein, Plaintiff respectfully requests that this Court grant

26  Plaintiff's Motion and order: 1) Groupon to pay Plaintiff attorneys' fees and costs attributable to

27

28

1  Groupon's spoliation,[6] including, without limitation, for Plaintiff's having to file the instant

2  Motion, a reply, and attend any hearings regarding this Motion due to Groupon's spoliation; and

3  2) that the jury be instructed regarding a presumption of Groupon's liability with respect to each

4  of the Intellectual Property-Related Claims.

5        Respectfully submitted this 9th day of July, 2019.

6                                              GIBSON LOWRY LLP

7

8                                     By   /s/ Kristina Miletovic
                                            STEVEN A. GIBSON, ESQ.
                                            Nevada Bar No. 6656
9                                           sgibson@gibsonlowry.com
                                            KRISTINA MILETOVIC, ESQ.
10                                          Nevada Bar No. 14089
11                                          kmiletovic@gibsonlowry.com
                                            7495 West Azure Drive, Suite 233
12                                          Las Vegas, Nevada 89130
                                            (702) 541-7888 Telephone
13                                          (702) 541-7899 Facsimile
                                            *Attorneys for Plaintiff*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ─────────────────
    [6] Itemized billing evidencing same shall be provided upon the Court's request.

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that I am an employee of Gibson Lowry LLP and that on July 9, 2019, I caused a correct copy of the foregoing **PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS AND SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY** to be served via CM/ECF to:

Mark E. Ferrario
ferrariom@gtlaw.com
Tyler Andrews
andrewst@gtlaw.com
Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
*Counsel for Groupon, Inc.*

/s/ Rebecca M. Oakley
An employee of Gibson Lowry LLP

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Main (702) 541-7888 • Fax (702) 541-7899