# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| LAS VEGAS SKYDIVING ADVENTURES LLC, | Case No.: 2:18-cv-02342-APG-VCF |
|---|---|
| Plaintiff | **Order (1) Granting Defendant's Motion to Dismiss in Part and (2) Overruling Plaintiff's Objection** |
| v. | [ECF Nos. 9, 28] |
| GROUPON, INC., | |
| Defendant | |

Las Vegas Skydiving Adventures LLC (LV Skydiving) sued Groupon, Inc. (Groupon), alleging antitrust violations, trademark infringement, and Nevada common law claims for misappropriation of commercial properties and unjust enrichment. Groupon moves to dismiss, arguing that LV Skydiving lacks antitrust standing, Groupon and LV Skydiving are not competitors, and LV Skydiving has not demonstrated that Groupon engages in predatory pricing. It also argues that LV Skydiving's infringement claim fails because Groupon does not use the mark "FYROSITY" in its metadata and a reasonably prudent consumer is not likely to be confused by who the service provider is when searching on its website for skydiving services in southern Nevada. Finally, Groupon argues that the state law claims should be dismissed as insufficiently pleaded and repetitive of the trademark infringement claim.

LV Skydiving responds that it has sufficiently demonstrated that Groupon has gained control of the southern Nevada tandem skydiving services market and that Groupon affiliates' low prices for skydiving services has resulted in harm to LV Skydiving's profits. It argues that Groupon's predatory and exclusionary conduct includes the misuse of its registered mark. LV Skydiving further contends that it has properly alleged that Groupon uses the mark

"FYROSITY" to mislead potential customers to Groupon affiliates and that the state law claims are sufficiently pleaded.

After Magistrate Judge Ferenbach granted limited discovery pending resolution of the motion to dismiss, LV Skydiving filed a motion for sanctions. Magistrate Judge Ferenbach denied that motion. LV Skydiving objects to that decision. I grant Groupon's motion to dismiss in part and I overrule LV Skydiving's objection to Magistrate Judge Ferenbach's order.

**I. BACKGROUND**[1]

LV Skydiving "offers services to individuals who wish to have the experience of jumping out of an airplane while tethered to an experienced parachutist." ECF No. 1 at 3. It offers such services in southern Nevada using the registered mark "FYROSITY." *Id.* Groupon provides "discount certificates that Groupon's customers may use with businesses that maintain a relationship with Groupon to help enable Groupon to provide" skydiving services. *Id.* LV Skydiving alleges that Groupon controls the southern Nevada skydiving services market by aggressively recruiting businesses to become affiliates and then setting skydiving services at "deeply discounted" prices, which harms LV Skydiving's business. *Id.* at 3-4.

LV Skydiving also alleges that Groupon uses LV Skydiving's name and registered mark in its website metadata without permission and engages in such infringement to divert customers looking for skydiving services to Groupon's site. *Id.* at 4. It alleges that consumers using LV Skydiving's mark as a search term in a general internet search are diverted to Groupon. *Id.* And it alleges that Groupon's website is constructed in a way so that consumers can search specifically for LV Skydiving's mark and be misled into finding information on Groupon affiliates. *Id.* For example, LV Skydiving points to a Facebook post by Groupon that provides a

---

[1] These facts are a summary of LV Skydiving's allegations in its complaint. *See* ECF No. 1.

link to search results on Groupon's website for "skydive Fyrosity." *Id.* at 5. LV Skydiving alleges that the link to the search results is intended to obfuscate the fact that the advertised services are by Groupon affiliates and not LV Skydiving. *Id.* It also alleges that as a result of Groupon's behavior, it has lost potential clients and suffered economic harm. *Id.* at 5-6.

LV Skydiving asserts five causes of action: 1) monopolization under 15 U.S.C. § 2 (Pricing); 2) monopolization under 15 U.S.C. § 2 (intellectual property misuse); 3) registered trademark infringement under 15 U.S.C. § 1114(a)(1); 4) misappropriation of commercial properties under Nevada common law; and 5) unjust enrichment under Nevada common law. *Id.* at 6-9.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Monopolization Under 15 U.S.C. § 2

Section 2 of the Sherman Act prohibits persons from monopolizing, or attempting to monopolize, "any part of the trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 2. "There are three essential elements to a successful claim of Section 2 monopolization: (a) the possession of monopoly power in the relevant market; (b) the willful

acquisition or maintenance of that power; and (c) causal antitrust injury." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1131 (9th Cir. 2015) (citation omitted).

Only those who meet the requirements for antitrust standing may pursue an antitrust claim. *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 371 (9th Cir. 2003). Antitrust standing requires the plaintiff to adequately allege antitrust injury. *Id.* Antitrust injury is "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977). "A plaintiff who is neither a competitor nor a consumer in the relevant market does not suffer antitrust injury." *Vinci v. Waste Mgmt., Inc.*, 80 F.3d 1372, 1376 (9th Cir. 1996) (quotation and citation omitted). It is not enough that two firms compete; rather they must compete in the market in which trade was restrained. *Exhibitors' Serv., Inc. v. Am. Multi-Cinema, Inc.*, 788 F.2d 574, 579 (9th Cir. 1986).

In analyzing whether the plaintiff and defendant participate in the same market, I look to the "reasonable interchangeability of use or the cross-elasticity of demand between the services provided by [Groupon] and by [LV Skydiving]." *Bhan v. NME Hospitals, Inc.*, 772 F.2d 1467, 1471 (9th Cir. 1985); *see also Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 512 F.2d 1264, 1271 (9th Cir. 1975) ("[W]here there is a high degree of substitutability in the use of two commodities, it may be said that the cross-elasticity of demand between them is relatively high, and therefore the two should be considered in the same market."). In *Bhan*, the Ninth Circuit found that nurse anesthetists and M.D. anesthesiologists competed in the same market because the services provided were reasonably interchangeable in that nurse anesthetists "still duplicate

many of the services provided by an M.D. anesthesiologist" despite requiring the supervision of a physician to conduct such services. 772 F.2d at 1471.

LV Skydiving states that it offers tandem skydiving services to customers in southern Nevada. It alleges that Groupon provides discount certificates to customers to use at businesses affiliated with Groupon that provide skydiving services in southern Nevada. The relevant market consists of "businesses that sell[] the Relevant Services to residents of and visitors to southern Nevada who wish to have the experience of jumping out of an airplane while tethered to an experienced parachutist." *See* ECF No. 1 at 3.

However, LV Skydiving has not plausibly alleged that Groupon provides services that are interchangeable with other tandem skydiving service providers as required to be part of the same market. This is unlike the situation in *Bhan* where the services provided were interchangeable. Providing discount certificates to customers seeking tandem skydiving services is different (and a separate market) from providing tandem skydiving services. Tandem skydiving businesses in southern Nevada that allow Groupon to advertise their discounts compete in the same market as LV Skydiving. Because LV Skydiving and Groupon are not competitors in the allegedly restrained market, Groupon has not caused LV Skydiving antitrust injury under the Sherman Act. Consequently, I dismiss LV Skydiving's first and second causes of action with prejudice.

B. Registered Mark Infringement Under 15 U.S.C. § 1114(a)(1)

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quotation and citation omitted). This may include an initial interest confusion theory of

trademark infringement, where a customer has an initial interest in a competitor's product because the competitor misuses another's mark. *See Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1025 (9th Cir. 2004). In determining the likelihood of confusion, courts look to eight non-exhaustive factors: "[1] strength of the mark; [2] proximity of the goods; [3] similarity of the marks; [4] evidence of actual confusion; [5] marketing channels used; [6] type of goods and the degree of care likely to be exercised by the purchaser; [7] defendant's intent in selecting the mark; and [8] likelihood of expansion of the product lines." *Id.* at 1145.

In cases involving internet search engines, courts also look to the "labeling and appearance of the advertisements and the surrounding context on the screen displaying the results page." *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 936 (9th Cir. 2015) (citation omitted). However, not every factor must be considered. *See id.* at 937. "The test for likelihood of confusion is whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Id.* at 935.

LV Skydiving has a federally registered trademark. ECF No. 1-1 at 2-3. LV Skydiving alleges that Groupon willfully uses the mark in its metadata without consent "in connection with the sale, offering for sale, distribution, and advertising of services." ECF No.1 at 7-8. It alleges that Groupon uses the mark in its metadata to divert customers to other businesses affiliated with Groupon that provide skydiving services in southern Nevada. *Id.* at 4. It alleges that this diversion will likely cause confusion to consumers who seek LV Skydiving services, but instead are directed to Groupon's site. *See* ECF No. 1 at 4-5, 7-8.

Taking LV Skydiving's allegations as true, LV Skydiving has plausibly alleged Groupon used LV Skydiving's protected mark in its metadata to cause initial interest confusion by directing potential customers to offers to buy a skydiving service from other businesses

associated with Groupon.[2] While Groupon argues that any alleged metadata infringement would not be indexed by search engines to influence results and would not cause likely confusion, that involves issues of fact outside the complaint's allegations. I therefore deny Groupon's motion to dismiss LV Skydiving's third cause of action for trademark infringement.

C. State Law Claims

*1. Misappropriation of Commercial Properties*

LV Skydiving asserts a claim for misappropriation of commercial properties under Nevada common law. Groupon moves to dismiss this claim, arguing that it is not a recognized cause of action under state or federal law. Alternatively, Groupon argues that LV Skydiving's allegations are vague and insufficient to support a separate basis for liability as they are duplicative of its trademark infringement claim. LV Skydiving responds that this court has recognized the claim for misappropriation of commercial properties in at least one published decision and multiple unpublished decisions. In its reply, Groupon argues that the law already provides a clear remedy for trademark infringement (the alleged misappropriation), so LV Skydiving cannot seek a separate form of relief.

Nevada has not yet recognized a claim for misappropriation of commercial properties. However, for the purpose of this motion, I follow other decisions of this court that have suggested that the Supreme Court of Nevada would recognize such a claim. *See, e.g. Salestraq*

---

[2] Part of LV Skydiving's claim alleges that Groupon posted a predatory link on Facebook that opened to a Groupon page with "skydive Fyrosity" in the search results. ECF No. 1 at 5. LV Skydiving alleges Groupon posted this link to confuse consumers and divert potential customers to Groupon affiliates. To the extent that LV Skydiving agrees with Groupon's depiction of the link in its motion to dismiss (ECF No. 9-1 at 8), I note that recent Ninth Circuit case law has held that where a "search results page clearly labels the name and manufacturer of each product offered for sale and even includes photographs of the items, no reasonably prudent consumer accustomed to shopping online would likely be confused as to the source of the products." *Multi Time Mach., Inc.*, 804 F.3d at 933.

7

*Am., LLC v. Zyskowski*, No. 2:08-cv-01368-LRH-LRL, 2009 WL 1652170, at *3 (D. Nev. June 10, 2009), aff'd, 334 F. App'x 125 (9th Cir. 2009) (noting that Nevada recognizes claims closely related to commercial misappropriation and that California, which Nevada has followed when recognizing new commercial tort theories, recognizes a claim for misappropriation of non-trade-secret information).

Neither party has laid out the elements of a claim for misappropriation of commercial properties. Under California law, a plaintiff must show that "(a) the plaintiff invested substantial time, skill or money in developing its property; (b) the defendant appropriated and used the plaintiff's property at little or no cost to the defendant; (c) the defendant's appropriation and use of the plaintiff's property was without the authorization or consent of the plaintiff; and (d) the plaintiff can establish that it has been injured by the defendant's conduct." *Id.*

Here, LV Skydiving has plausibly alleged it has a claim for misappropriation of commercial properties, the elements of which would be different from a trademark infringement claim. LV Skydiving spent time and money registering its mark. LV Skydiving alleges that Groupon used the mark without permission and that such use has injured LV Skydiving in the form of lost profits by diverting customers to competitors.

Because LV Skydiving has plausibly alleged a misappropriation of commercial properties claim, I deny Groupon's motion to dismiss this cause of action. As the case develops, LV Skydiving will have to sufficiently present the legal support and the elements of a misappropriation of commercial properties claim to ensure the claim moves forward.

*2. Unjust Enrichment*

LV Skydiving's fifth cause of action alleges unjust enrichment under Nevada common law. Groupon moves to dismiss this claim, arguing that LV Skydiving fails to demonstrate any

benefit conferred on Groupon by allegedly using the "FYROSITY" mark or how such a benefit would be unjust. It also argues that LV Skydiving recites the elements of the claim, without more, and the allegations are duplicative of the trademark infringement claim. LV Skydiving responds that it has plausibly alleged that Groupon uses its registered mark without permission, and that such use has benefited Groupon at LV Skydiving's expense. LV Skydiving also contends that its allegations are not duplicative of the trademark infringement claim, but even if they are, LV Skydiving can plead in the alternative under Federal rule of Civil Procedure 8(d)(2) and (3).

"Unjust enrichment occurs when one party confers a benefit on a second party which accepts and retains the benefit under circumstances such that it would be inequitable to retain the benefit without paying for its value." *Sierra Dev. Co. v. Chartwell Advisory Grp., Ltd.*, 223 F. Supp. 3d 1098, 1107 (D. Nev. 2016) (citing *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012)). "The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another or should pay for." *Id.* (citation omitted).

Here, LV Skydiving has plausibly alleged it has a claim for unjust enrichment, the elements of which are different from a trademark infringement claim. LV Skydiving alleges that Groupon uses its registered mark without permission. It also alleges that such use has diverted potential LV Skydiving customers to Groupon affiliates that provide skydiving services. Thus, Groupon has benefitted from using LV Skydiving's mark. I deny Groupon's motion to dismiss LV Skydiving's fifth cause of action.

/ / / /

### D. LV Skydiving's Objection to Magistrate Judge Ferenbach's Denial of Sanctions

LV Skydiving filed a motion for spoliation sanctions, arguing that Groupon was non-compliant with discovery proceedings and either destroyed or failed to preserve evidence that Groupon used the "FYROSITY" mark in its metadata. *See* ECF No. 23. To support this claim, LV Skydiving relied on an expert, who concluded that the mark must have existed or did exist in Groupon's metadata. *Id.* Groupon argues in response that it does not use the mark in its website metadata and that LV Skydiving misunderstands the difference between a static website, where the code and metadata is pre-written, and a dynamic website, where the code and metadata changes depending on user input. *See* ECF No. 24. It argues that LV Skydiving failed to satisfy the elements of spoliation, and even if spoliation occurred sanctions would not be the appropriate remedy. *Id.*

Magistrate Judge Ferenbach heard LV Skydiving's motion for sanctions on August 19, 2019 and denied the motion as unripe, noting that LV Skydiving's motion was based on an expert report when discovery was largely stayed. ECF No.27. LV Skydiving objects to this decision, arguing that it conclusively established spoliation. ECF No. 28 at 3-4. It then asserts I should deny the motion to dismiss due to Groupon's spoliation. *Id.* at 4. Groupon responds that LV Skydiving fails to demonstrate that Magistrate Judge Ferenbach's order was "clearly erroneous," spoliation was not conclusively established, and sanctions would not be the appropriate remedy even if it was established. ECF No. 29 at 7-10. Groupon also seeks sanctions, arguing that LV Skydiving failed to comply with local rules and filed an unwarranted motion. *Id.* at 11.

I review a magistrate judge's order in a pretrial matter under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); LR IB 1–3. A finding "is clearly erroneous

when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 693 (9th Cir. 2010). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F.Supp.3d 1209, 1213 (D. Nev. 2017). I may affirm, reverse, or modify the magistrate judge's order and may also remand the matter to the magistrate judge with instructions. L.R. IB 3–1(b).

Magistrate Judge Ferenbach's order denying the sanctions motion was not clearly erroneous. Magistrate Judge Ferenbach determined that the motion for sanctions was unripe because LV Skydiving filed a spoliation motion and introduced expert evidence when discovery was stayed except for limited discovery on only two issues: (1) "who sets the prices that appear on Groupon's website" and (2) "written discovery and/or [] a 30(b)(6) deposition regarding any use of LV Skydiving's mark in Groupon's website metadata." *See* ECF No. 19 at 8.[3] I agree with this analysis. Additionally, because LV Skydiving's trademark infringement claim survives the motion to dismiss, discovery will continue and the parties can further explore whether LV Skydiving's "FYROSITY" mark is used in Groupon's metadata. Thus, I overrule LV Skydiving's objection to Magistrate Judge Ferenbach's order denying sanctions.

I THEREFORE ORDER that defendant Groupon, Inc.'s motion to dismiss **(ECF No. 9)** is **GRANTED IN PART.** I dismiss LV Skydiving's first and second causes of action with prejudice.

---

[3] Groupon requests sanctions under Local Rules IA 11-8 and IA 1-3. But Groupon provided no authority for its claim that sanctions should be granted for failing to meet and confer prior to filing a spoliation sanctions motion. As to LV Skydiving's purported violation of the partial discovery stay, I follow Magistrate Judge Ferenbach's decision to deny sanctions on that basis. ECF No. 27. I therefore deny Groupon's request for sanctions.

I FURTHER ORDER that plaintiff Las Vegas Skydiving Adventures LLC's objection to Magistrate Judge Ferenbach's order denying sanctions **(ECF No. 28)** is **OVERRULED.**

DATED this 23 of October, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE