MARK E. FERRARIO (Nevada Bar No. 1625)
TYLER ANDREWS (Nevada Bar No. 9499)
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
ferrariom@gtlaw.com
andrewst@gtlaw.com

*Counsel for Defendant Groupon, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GROUPON, INC., <br><br> Defendant. | Case No.: 2:18-cv-02342-APG-VCF <br><br> **DEFENDANT GROUPON, INC.'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO EXTEND DISCOVERY DEADLINES BASED ON COVID-19 PANDEMIC** <br><br> **(FIRST REQUEST)** |

Defendant, GROUPON, INC., ("Defendant" or "Groupon"), by and through its undersigned counsel, GREENBERG TRAURIG, LLP, hereby submits this Motion for Protective Order and to Extend Discovery Deadlines based on the COVID-19 pandemic ("Motion"). There have been no previous extensions of discovery deadlines. This Motion is based upon the pleadings on file herein, the attached memorandum of points and authorities, the declaration of Tyler Andrews, Esq. ("Andrews Decl."), and any oral argument the Court may permit at the hearing of

1

ACTIVE 49627897v1

this matter.

DATED this 23rd day of March, 2020.

**GREENBERG TRAURIG, LLP**

*/s/ Tyler R. Andrews*
MARK E. FERRARIO (Nevada Bar No. 1625)
TYLER ANDREWS (Nevada Bar No. 9499)
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
*Counsel for Defendant Groupon, Inc.*

## **POINTS AND AUTHORITIES**

Groupon reluctantly brings this emergency motion to extend discovery and for protective order before the Court. The motion is unfortunately necessary, as Plaintiff is attempting to use the current COVID-19 global pandemic crisis and resulting business shutdowns and disruptions as an avenue to gain an advantage over Groupon and obtain additional time to conduct more discovery. The Parties are currently engaged in fact discovery,[1] which the Court ordered to be completed by May 15, 2020. *See* 12/26/19 Scheduling Order [Dkt. 33]. Both Parties are in agreement that an extension of discovery is appropriate in light of the existing global crisis caused by the COVID-19 pandemic. In this extremely tumultuous time, the Parties will undoubtedly be limited in the ability to effective take discovery, respond to written requests, and conduct depositions, likely over the next two or three months. Groupon, for its part, is headquartered in Chicago, which – like the forum state of Nevada -- is under a full state lockdown and is also busy managing urgent business-related issues around the world.[2] While the Parties agree that *some* extension is warranted due to this crisis, unfortunately, after good faith dialogue and meet-and-confer, the Parties have been unable to agree on the *specific parameters* of a discovery extension and have been unable to reach agreement on a stipulation.

---

[1] The parties have each served a round of written discovery and have discussed scheduling of depositions. Rebuttal expert disclosures and expert depositions also remain to be completed.

[2] Pursuant to LR 26-7(c), Groupon's counsel met and conferred with Plaintiff's counsel via phone on March 18, 2020 and by email thereafter and the Parties were unable to reach an agreement for the reasons described further herein. *See* Andrews Decl., at Par 2.

2

ACTIVE 49627897v1

Groupon, for its part, proposes a uniform, across-the-board, three month extension of ***all*** existing discovery deadlines including the ultimate deadline to complete discovery (from May 15 to August 15). Groupon believes this is the most objectively fair and reasonable way to ensure both Parties and their counsel get the time they need to "hit pause" and focus on more important matters in the near term, while not prejudicing or advantaging either Party in the litigation. Groupon requests that this uniform extension apply to written discovery and deposition notices that the Parties have already served on each other, which would have otherwise needed to be completed over the next six weeks ahead of the May 15, 2020 cutoff. A chart of existing dates and proposed new dates under Groupon's proposal is shown below:

| Event | Current Deadline | Proposed New Date |
|---|---|---|
| Groupon Written Discovery Responses | **March 25, 2020** (seven weeks before discovery cutoff) | **June 25, 2020** (seven weeks before proposed discovery cutoff) |
| Deposition of Groupon's Individual Witnesses (*subject to forthcoming protective order motion*) | **April 2-3, 2020** (six weeks before discovery cutoff) | **July 2-3, 2020** (six weeks before proposed discovery cutoff) |
| Deposition of Groupon's 30(b)(6) Witness | **April 6, 2020** (five weeks before discovery cutoff) | **July 6, 2020** (five weeks before proposed discovery cutoff) |
| Plaintiff's Written Discovery Responses | **April 20, 2020** (three weeks before discovery cutoff) | **July 20, 2020** (three weeks before proposed discovery cutoff) |
| Groupon's Rebuttal Expert Disclosure | **April 20, 2020** (three weeks before discovery cutoff) | **July 20, 2020** (three weeks before proposed discovery cutoff) |
| Deposition of Plaintiff's 30(b)(6) Witness | **Last Week of April 2020** (three weeks before discovery cutoff) | **Last Week of July 2020** (three weeks before proposed discovery cutoff) |
| Deposition of Plaintiff's Individual Witnesses | **Last Week of April 2020** (three weeks before discovery cutoff) | **Last Week of July 2020** (three weeks before proposed discovery cutoff) |
| Discovery Close | **May 15, 2020** | **August 15, 2020** |

Groupon believes its proposal is fundamentally equal and fair. The case currently involves only relatively narrow trademark issues, and both sides have roughly equivalent amount of

discovery outstanding, which can all be moved out equally.  If there are particular conflicts on new deposition dates under Groupon's proposed extension schedule, the Parties should be able to work cooperatively together to schedule depositions within the same general timeframe set forth above.

Despite the neutral and evenhanded nature of this proposal, Plaintiff has rejected it. Instead, Plaintiff has indicated that it would only agree to one of two alternative proposals.

First, Plaintiff proposes a three month extension of ***only the final*** fact discovery deadline, which – other than a potential 30 day extension of written discovery responses -- provides no equal corresponding extensions of the upcoming internal deadlines..  Groupon believes this proposal defeats the entire reason the Parties need an extension in the first place, which is to allow all pending discovery matters to be set aside for the next few months in light of the global crisis and resulting strains on resources and logistics.  Rather than addressing and responding to the crisis while adhering to the Court's previously ordered discovery time frame, Plaintiff's proposal seems designed to ensure *more* time to conduct *more* discovery, rather than simply pausing efforts during an unprecedented global crisis.

Alternatively, but similarly, Plaintiff would agree to move back all upcoming internal discovery deadlines for "2-3 months," only if Groupon agreed to a ***six month*** extension of the final fact discovery deadline (until November).  Again, such a proposal is a transparent attempt to use the current pandemic in an opportunistic way to nearly ***double*** the amount of time that the Court has already ordered as the appropriate time span for fact discovery.  As the Court may recall, since the outset of the case, the Parties have held starkly differing views as to how much time should be devoted to discovery, with Plaintiff at one point suggesting it would take 18 months of discovery. This case (which has been dramatically reduced in scope by this Court's dismissal of all of Plaintiff's antitrust claims) has already been pending for more than sixteen months.  Plaintiff has already engaged in extensive document discovery and took two lengthy 30(b)(6) depositions of Groupon witnesses *nine months ago*.  While both Parties are certainly in need of a temporary pause in the short term existing proceedings, there is simply no reason to add *another* three or four months on to the discovery schedule this fall (at which point *hopefully* the world has returned to some semblance of normalcy).

In light of the foregoing, Groupon respectfully requests that the Court extend all existing dates by three months and enter a protective order setting new deadlines for the currently outstanding discovery demands, as set forth in the chart above. The Parties and the Court can certainly revisit Groupon's proposed amended schedule should circumstances change further, but neither side should be able to gain an unfair benefit or use the current crisis to its own advantage.

DATED this 23rd day of March, 2020.

**GREENBERG TRAURIG, LLP**

*/s/ Tyler R. Andrews*
MARK E. FERRARIO
Nevada Bar No. 1625
TYLER ANDREWS
Nevada Bar No. 9499
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

*Counsel for Defendant Groupon, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 23rd day of March, 2020, a true and correct copy of the foregoing ***Defendant Groupon, Inc.'s Motion for Protective Order*** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

        */s/ Andrea Lee Rosehill*
        An employee of GREENBERG TRAURIG, LLP

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

6

ACTIVE 49627897v1