# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

### ***

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, | 2:18-cv-02342-APG-VCF |
| Plaintiff, | **<u>ORDER</u>** |
| vs. | MOTION FOR PROTECTIVE ORDER [ECF NO. 56]; MOTION TO EXTEND TIME RE SCHEDULING ORDER [ECF NO. 59] |
| GROUPON, INC., | |
| Defendant. | |

Before the Court are defendant Groupon, Inc.'s motion for a protective order (ECF No. 56) and plaintiff Las Vegas Skydiving Adventures LLC's motion to extend time regarding the scheduling order (ECF No. 59).  The Court grants both motions in part.

## I.    Background

Plaintiff brings various claims against Groupon related to its alleged infringement of plaintiff's trademark. (See ECF Nos. 1 and 30). Discovery ends on October 1, 2020. (ECF No. 52).

Defendant argues in its motion for a protective order that plaintiff improperly seeks to depose two apex executives[1] because the two executives have no unique, first-hand knowledge of facts specific to this case. (ECF No. 56 at 3). Groupon argues that plaintiff can proceed under Federal Rule of Civil Procedure 30(b)(6) instead and asks for sanctions. (*Id.*) Plaintiff LV Skydiving argues in its response

---

[1] David Belmont (Groupon's Vice President of Finance) and Simon Goodall (then Groupon's Vice President of North America Marketing and currently its Chief Commercial Officer).

1

that it is not confined to proceeding under 30(b)(6); it argues it attempted to work with Groupon and asked it to identify lower-level deponents. (ECF No. 57 at 7-9). Groupon argues in its reply that the Court should sanction plaintiff because its litigation tactics are meant to drive up costs and harass Groupon into settling the case. (ECF No. 58 at 5).

Plaintiff argues in its motion for an extension of discovery that it needs a nine-month discovery extension because it needs to take all its depositions in-person and it cannot do so now because of the COVID-19 pandemic. (ECF No. 59 at 3). Plaintiff also seeks leave to take two additional depositions on top of the allotted ten depositions contemplated by the rules. (*Id*. at 9). Groupon argues that a nine-month discovery extension is unnecessary: Groupon objects to taking any in-person depositions at this time because of the unnecessary health risks and because the parties can take effective depositions via videoconference. (ECF No. 60 at 2). Groupon also argues that plaintiff has not yet exhausted its ten allotted depositions, and that if the Court grants its protective order the additional two depositions will be moot. (ECF No. 60 at 6). Plaintiff argues in its reply that Groupon has delayed discovery because of COVID-19, and it would be prejudiced if it had to take videoconference depositions because virtual depositions are "cumbersome." (ECF No. 61 at 2).

## II.   Discussion

### a.   Protective Order

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FRCP 26(b)(1).  "[T]he scope of permissible discovery under Rule 26 is 'broad.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (quoting *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir.1993)).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  FRCP 26(b)(1).  "A party or any person from whom discovery is sought may move for a protective order in the court" and the court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or

undue burden or expense." FRCP 26(c). The party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. See *Beckman Indus., Inc., v. Int'l. Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; see also *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

"It is very unusual for a court to prohibit the taking of a deposition altogether ... absent extraordinary circumstances." *United States CFTC v. Banc De Binary, Ltd*., 2015 U.S. Dist. LEXIS 17567, at 6 (D. Nev. Feb. 11, 2015) (internal citations omitted). The Court has discretion to prohibit the deposition of a high-level corporate executive, or "apex" deponent, given the "tremendous potential for abuse or harassment" that exists for such discovery. *Int'l Game Tech. v. Illinois Nat'l Ins. Co*., 2018 U.S. Dist. LEXIS 228393, 2018 WL 7499823, at 2 (D. Nev. Apr. 6, 2018) (internal citations omitted).

The Court considers two factors when deciding whether or not to allow the deposition of a high-level executive: (1) whether the executive has unique, personal knowledge of relevant information; and (2) whether the party seeking the information has exhausted other less intrusive discovery methods. See *Apple v. Samsung Elecs. Co*., Ltd., 282 F.R.D. 259, 263 (N.D. Cal. 2012); see also *Luangisa v. Interface Operations*, 2011 U.S. Dist. LEXIS 139700, 2011 WL 6029880 (D. Nev. Dec. 5, 2011)."Where a high-level decision maker removed from the daily subjects of the litigation has no unique personal knowledge of the facts at issue, a deposition of the official is improper," especially where the information sought in the deposition could be obtained through interrogatories or depositions of lower-level employees with more direct knowledge of the issues at fact. *Affinity Labs of Texas v. Apple, Inc*., 2011 U.S. Dist. LEXIS 53649, 2011 WL 1753982, at 15 (N.D. Cal. 2011) (citation omitted).

Per Rule 30(b)(6), "the deposing party may name the corporation as the deponent in its notice and then allow the corporation to designate one or more employees to testify on its behalf as representatives." FRCP 30(b)(6). "This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." *Id.*

The Court finds that Belmont and Goodall are high level executives based on (1) their titles as Vice Presidents/Chief Commercial Officer, and (2) the declarations of Belmont and Goodall that describe their responsibilities. For example, both Goodall and Belmont declare they are both among the most senior executives at Groupon and Belmont declares that as the Vice President of Finance, he reports directly to the Groupon Chief Executive Officer. (ECF Nos. 56-4 at 2 and 56-5 at 2).

The executives have unique or personal knowledge if they were involved in the subject matter and their presumed testimony is unavailable from less intrusive discovery. See *Int'l Game Tech*., 2018 U.S. Dist. LEXIS 228393, 2018 WL 7499823 at 4. Per their declarations, neither Goodall nor Belmont have unique or personal knowledge about the subject matter of this case. Defendant has met its burden to show that a protective order regarding the depositions of Goodall and Belmont is warranted. There is no need for the plaintiff to depose Goodall and Belmont, or for Groupon to name non-apex employees with similar responsibilities, because LV Skydiving can obtain testimony regarding Groupon's marketing and finances through less intrusive 30(b)(6) depositions. The Court declines sanctioning the plaintiff. Plaintiff's arguments in support of Goodall and Belmont's depositions are not unreasonable.

### b. Discovery Extension

"A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must…be supported by a showing of good cause for the extension." LR 26-3. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood Sys., Inc*., No. 2:13-cv-0137-JCM-NJK, 2013 WL 3975764, at

1 (D. Nev. Aug. 1, 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts and parties are required "to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. "A party must obtain leave of court [if a] deposition would result in more than 10 depositions being taken[.]" FRCP 30(a)(2). "The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means." FRCP 30(b)(4). Courts around the country have found that the COVID-19 pandemic establishes good cause for taking remote testimony. See *Al Otro Lado, Inc. v. Wolf*, No. 17-cv-02366-BAS-KSC, 2020 U.S. Dist. LEXIS 64352, at 5 (S.D. Cal. Apr. 13, 2020) (collecting cases); see also *Sinceno v. Riverside Church in City of New York*, No. 18-CV-2156 (LJL), 2020 U.S. Dist. LEXIS 47859, 2020 WL 1302053, at 1 (S.D.N.Y. Mar. 18, 2020) (authorizing remote depositions "[i]n order to protect public health while promoting the 'just, speedy, and inexpensive determination of every action and proceeding'" (citation omitted)).

The Court finds that the plaintiff has shown good cause to extend the discovery deadlines, but not for nine months. The Court is persuaded that COVID-19 has caused discovery delays, but the Court will only extend discovery until closer to the end of the year. Plaintiff wants a nine-month extension because it hopes the pandemic-created physical distancing and public health concerns will be lessened to allow for in-person depositions in the future. This is mere speculation. It is not feasible for the Court to extend deposition deadlines until a time when they can be safely conducted in person because no one knows when that will occur, and the Federal Rules provide that the Court can authorize remote depositions.

Plaintiff argues that document use in a videoconference deposition will be cumbersome but, "[o]ther courts have found that exhibits can be managed in remote depositions by sending Bates-

stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently." *Jae Props., Inc. v. Amtax Holdings* 2001-XX, LLC, No. 19cv2075-JAH-LL, 2020 U.S. Dist. LEXIS 83418, at 5 (S.D. Cal. May 12, 2020) (collecting cases and finding that rejecting the use of remote videoconference depositions are for reasons of convenience and not true prejudice.)

The Court authorizes the use of remote videoconference depositions in this case to protect public health and promote the goals of Rule 1. The Court is persuaded by the defendant's arguments that in-person depositions in the near-future are an unnecessary health-risk and plaintiff will not be prejudiced by the mere inconvenience of taking virtual depositions. The parties are free to stipulate to take in-person depositions before the close of discovery, but if the parties cannot agree that an in-person deposition is necessary, the Court orders that the deposition will take place via remote-means. The Court will not delay discovery again if plaintiff continues to insist upon waiting for a good time to take in-person depositions. The Court also exercises its discretion and will allow both parties to take an additional two depositions, if they want to, without seeking leave. The plaintiff's request for two additional depositions is not mooted because the plaintiff may take two 30(b)(6) depositions in lieu of the depositions of Goodall and Belmont.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that defendant Groupon, Inc.'s motion for a protective order (ECF No. 56) is GRANTED IN PART.

IT IS FURTHER ORDERED that plaintiff Las Vegas Skydiving Adventures LLC's motion to extend time regarding the scheduling order (ECF No. 59) is GRANTED IN PART.

IT IS FURTHER ORDERED that each party may take a total of 12 depositions.

IT IS FURTHER ORDERED that the following discovery deadlines apply:

Discovery Cut-off:                    Wednesday, December 30, 2020

Disposition Motions:          Friday, January 29, 2021

Joint Pretrial Order:          Monday, March 1, 2021

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

IT IS SO ORDERED.

DATED this 10th day of September 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE