# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, | 2:18-cv-02342-APG-VCF |
| Plaintiff, | **ORDER** |
| vs. | MOTION FOR PROTECTIVE ORDER [ECF NO. 62] |
| GROUPON, INC., | |
| Defendant. | |

Before the Court is plaintiff Las Vegas Skydiving Adventures LLC's motion for a protective order (ECF No. 62). The Court denies the motion.

**I.   Background**

Plaintiff brings various claims against Groupon, Inc. related to its alleged infringement of plaintiff's trademark. (See ECF Nos. 1 and 30).

Plaintiff argues in its motion for a protective order that Groupon wants to take plaintiff's principals' depositions on an unspecified videoconferencing platform. (ECF No. 62 at 3). Plaintiff argues that it was unable to meet and confer with Groupon regarding the virtual deposition protocols: plaintiff's attorney Jodi Lowry says she emailed Groupon's attorney Tyler Andrews with multiple proposed meet and confer dates and despite waiting two weeks, Andrews did not respond to her inquiry, which led her to file this motion. (*Id.*).

1

1 Groupon argues in its response that it vacated the deposition plaintiff complains of which moots plaintiff's motion. (ECF No. 66). Groupon also argues that it attempted to meet and confer with plaintiff regarding the deposition, which is why the parties stipulated to extend both Groupon's time to respond and plaintiff's time to file a reply. (ECF No. 65). Groupon's attorney Andrews says he sent multiple emails to plaintiff's counsel that all went unanswered for multiple days followed by a series of phone tag between the attorneys. (ECF No. 66 at 3-4). Groupon asks the Court for sanctions because it had already proposed using the virtual platform Veritext Legal Solutions with plaintiff for the remote depositions and that plaintiff refused to withdraw the motion even though it vacated the depositions at issue. (*Id*. at 3-5 and ECF No. 66-1 at 3). Plaintiff argues in its reply that even though the depositions have been vacated, its motion is not mooted because counsel has still been unable to meet and confer with Groupon's counsel regarding its concerns about the virtual platform Veritext. (ECF No. 67).

**II.   Discussion**

"It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.*), No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). "Discovery motions will not be considered unless the movant…has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion." LR 26-6(c).

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The federal rules of civil procedure, "should be construed, administered, and employed by the court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added).  "A party or any person from whom discovery is sought may move for a protective order in the court" and the court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  FRCP

26(c). The party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. See *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; see also *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

The Court has already authorized remote depositions in this case. (ECF No. 63). The attorneys on both sides have failed to meet and confer in good faith, have been unresponsive via email, and engaged in phone tag with each other regarding potential remote depositions. Plaintiff's counsel asks the Court to solve a dispute that is moot given that the depositions at issue have been vacated. The Court denies plaintiff's motion as moot.

The remaining underlying issue, that attorneys on both sides are unable to effectively communicate or cooperate with each other, should not be before the Court. The Court denies defendant's request for sanctions because both parties' attorneys have failed to communicate with each other in good faith, which wastes scarce judicial resources. Counsel for both parties have two weeks to meet and confer in good faith. The parties may meet and confer by telephone, but a scheduled video conference would be more effective given that the parties' counsel have had so many communication breakdowns about the use of technology. The parties should confer regarding (1) whether Groupon plans to re-notice the depositions at issue in this motion; (2) the parties' general plans for discovery going forward; (3) a protocol regarding how the attorneys will communicate with each other in the future (i.e. the attorneys could schedule a monthly conference, exchange cell phone numbers, or communicate other good ways to reach other in a timely fashion); and (4) the parties' plans and protocols regarding the use of technology for remote depositions going forward. The parties must file a joint stipulation in two weeks notifying the Court that they have met and conferred in good faith regarding these four topics.

The Court will consider sanctioning both parties' attorneys if they are unable to meet and confer in good faith or resolve these issues without the Court's intervention.

ACCORDINGLY,

IT IS ORDERED that plaintiff Las Vegas Skydiving Adventures LLC's motion for a protective order is DENIED AS MOOT.

IT IS FURTHER ORDERED that the parties must file a joint stipulation regarding their meet and confer, as detailed in this order, by Friday, October 30, 2020.

IT IS SO ORDERED.

DATED this 16th day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE