# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, <br><br> Plaintiff, <br><br> vs. <br><br> GROUPON, INC., <br><br> Defendant. | 2:18-cv-02342-APG-VCF <br><br> **ORDER** <br><br> MOTION TO COMPEL DEFENDANT'S RESPONSES TO INTERROGATORIES [ECF NO. 73]; MOTION TO COMPEL DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS [ECF NO. 74] |

Before the Court are plaintiff Las Vegas Skydiving Adventures LLC's motions to compel. (ECF Nos. 73 and 74). The Court denies both motions without prejudice.

## I.     Background

Plaintiff brings various claims against Groupon, Inc. related to its alleged infringement of plaintiff's trademark. (See ECF Nos. 1 and 30). During discovery in this case, the Court previously found that the, "attorneys on both sides are unable to effectively communicate or cooperate with each other" and that, "both parties' attorneys have failed to communicate with each other in good faith, which wastes scarce judicial resources." (ECF No. 68 at 3). The Court also previously gave, "[c]ounsel for both parties [ ] two weeks to meet and confer in good faith" regarding plaintiff's prior discovery motion and warned that, "[t]he Court will consider sanctioning both parties' attorneys if they are unable to meet

and confer in good faith or resolve these issues without the Court's intervention." (*Id*. at 3-4) Counsel then filed a notice with the Court that affirmatively stated that, "[p]ursuant to the Order, the parties agreed to set up a recurring monthly videoconference to discuss the case ***and any pending discovery issues.***" (ECF No. 69 at 2) (emphasis added). The Court adopted the parties' joint statement and ordered that the parties must meet monthly via videoconference regarding any pending discovery issues. (ECF No. 70 at 2).

Plaintiff argues in its motions to compel that after the parties engaged in a series of back and forth emails regarding setting up a telephonic meet-and-confer regarding plaintiff's concerns about defendant's written discovery responses; plaintiff alleges that (1) it met and conferred with defendant regarding the issues presented in this motion in November 2020 and (2) that defendant supplemented its responses after the meet and confer; but the plaintiff makes no mention regarding whether (1) it attempted to meet and confer with defendant again after it determined that the supplement was inadequate, or (2) whether it discussed any of its concerns with defendant regarding the supplement in the Court ordered monthly videoconference calls regarding any pending discovery issues. (ECF No. 73 at 3).

Groupon argues in its response that (1) the parties met and conferred regarding the issues presented in these motions in November 2020; (2) that Groupon supplemented its responses a little over a week later in direct response to all of plaintiff's stated concerns; (3) that plaintiff never attempted to meet and confer again regarding the adequacy of Groupon's supplemented responses; and (4) plaintiff waited until over a month after it received Groupon's supplement and filed the instant motions on the last day of discovery with no prior warning or discussion. (ECF No. 75 at 4). In plaintiff's ten-page reply, it does not address its failure to meet and confer with Groupon regarding the supplemented responses prior to filing these motions, or whether it has complied with the Court's order regarding meeting with Groupon via videoconference every month regarding any discovery issues. (ECF No. 76).

## II.  Discussion

"It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.)*, No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). "Discovery motions will not be considered unless the movant…has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion." LR 26-6(c). "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The federal rules of civil procedure, "should be construed, administered, and employed by the court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added).

Under its inherent power, a court may assess attorney's fees or other sanctions for the willful disobedience of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43. Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause…(c) Fails to comply with these Rules; or (d) Fails to comply with any order of this Court."

The Court finds that plaintiff failed to meet and confer regarding Groupon's supplement prior to filing the instant motions and failed to comply with the Court's orders.  (ECF Nos. 68 and 70). The fact that plaintiff waited over a month after receiving defendant's discovery supplement to file the instant motions suggests that the parties did not hold monthly meet-and-confer videoconferences as ordered. (ECF Nos. 68 and 70).

//

//

Counsel for both parties have until Friday, February 19, 2021 to:

1) Meet and confer in good faith via videoconference regarding Groupon's discovery supplements, the issues presented in this motion, and any other discovery issues that the parties foresee arising from the ongoing depositions.

2) Provide any agreed upon discovery supplements to opposing counsel; and

3) File a joint response with the Court that:

   a. Informs the Court whether the parties have resolved all the remaining discovery issues.

   b. Outlines any remaining or anticipated discovery disputes, if any, including each party's positions.

   c. Informs the Court whether the parties' counsel have been meeting via videoconference each month, including the dates the parties have done so, to discuss any discovery issues per the Court's order. (ECF No. 70).

   d. Shows cause why the parties' respective counsel should not be sanctioned for failing to comply with the Court's orders, including each party's counsel's positions.

   e. Informs the Court whether it should hold a hearing regarding any remaining/anticipated discovery disputes and whether the Court should hold a show cause hearing regarding potential sanctions.

Should the parties' fail to file a response as ordered the Court may impose sanctions against the parties' counsel.

ACCORDINGLY,

IT IS ORDERED that plaintiff Las Vegas Skydiving Adventures LLC's motion to compel defendant's responses to interrogatories (ECF NO. 73) is DENIED WITHOUT PREJUDICE.

1   IT IS FURTHER ORDERED that plaintiff's motion to compel defendant's responses to requests for production of documents (ECF NO. 74) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the parties must file a joint response, as detailed in this order, by Friday, February 19, 2021.

IT IS SO ORDERED.

DATED this 29th day of January 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE