DANIEL E. JOSLYN, ESQ.
Nevada Bar No. 14725
djoslyn@gibsonlexbury.com

**Gibson Lexbury LLP**
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation;<br><br>Defendant. | Case No.:  2:18-cv-2342-APG-VCF<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Las Vegas Skydiving Adventures LLC ("Plaintiff" or "LV Skydiving"), by and through its counsel, Gibson Lexbury LLP, hereby files this Motion for Leave to File First Amended Complaint (the "Motion").

This Motion is based on the memorandum of points and authorities set forth herein, the pleadings and papers of record in this matter, any oral argument of counsel adduced at any hearing this Court may hold with respect to the motion, and any other evidence or other material of which this Court wishes to take notice.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

LV Skydiving recently discovered additional facts regarding the expansive scope and breadth of anti-competitive conduct engaged in by Defendant Groupon, Inc. ("Groupon"), including the monopolistic design of Groupon's business, as well as new evidence of a per se illegal agreement entered into by Groupon in restraint of trade. This conduct includes conduct on the part of a specific participant in the Groupon Partner Program (a "Groupon Partner") through the operation of the website "Vegas Food and Fun" (the "Infringing Website"). Therefore, LV Skydiving now requests to add the parties that own and operate the Infringing Website as Roe and Doe defendants (collectively, the "VFF Defendants'). LV Skydiving was previously unaware of the full extent of Groupon's organized effort to exclude competition, of the illegal operation of the Groupon Partner Program, or the extent of the individuals and entities that partner with Groupon in the furtherance of these efforts. These new facts are clearly new information directly related to the present action and therefore merit the amendment of LV Skydiving's Initial Complaint (the "Initial Complaint").

This information is newly discovered by LV Skydiving, and this request to amend is clearly not the result of any lack of diligence on the part of LV Skydiving. This new information regarding the activities of Groupon and its partners represents good cause for this Motion to be granted by this Court.

## II. FACTS

LV Skydiving will include herein only those newly discovered facts relevant to this Motion, rather than belabor the pre-existing facts of this matter. LV Skydiving provides tandem skydiving services to consumers in the southern Nevada area. *See* Initial Complaint [ECF No. 1]. The Initial Complaint in this matter involves allegations against Groupon of monopolization under the Sherman Act, direct registered mark infringement under the Lanham Act, misappropriation of commercial properties under Nevada common law, and unjust enrichment. *See generally Id*. The gravamen of the Initial Complaint concerns Groupon's monopolization activities regarding the local market in southern Nevada for tandem skydiving services (such

services, the "Relevant Services," such market, the "Market"). *See Id*. In addition, Groupon uses LV Skydiving's "FYROSITY" trademark ("LV Skydiving's Mark") in metadata on its own website, steering potential consumers of LV Skydiving to Groupon and the companies through which Groupon provides services ("Groupon Affiliates"). *See Id*. On April 22, 2020, this Court granted Groupon's Motion to Dismiss as to the anti-trust causes of action brought in the Initial Complaint, but allowed all other causes of action to remain intact. *See* Order Granting D.'s Mot. to Dismiss [ECF No. 30].

Within the past month, LV Skydiving became aware of the Infringing Website, owned and operated by Defendant Roe Corporation and/or the Doe Defendants. *See* 1st Amended Complaint, attached hereto as Exhibit "1." Through the Groupon Partner Program, Defendant Roe Corporation and/or the Doe Defendants share in Groupon profits generated through links on the Infringing Website. *See Id*. Through the Groupon Partner Program, Groupon and Defendant Roe Corporation and/or the Doe Defendants engaged in a partnership ("the Groupon/VFF Partnership"). This website includes a page titled "Las Vegas Skydiving," which includes detailed reviews and information regarding several skydiving business currently operating in the Market (the "Infringing Page"). A true and accurate copy of the Infringing Page as of the date of filing of this Motion is attached hereto as Exhibit "2." On the Infringing Website, Defendant Roe Corporation and/or the Doe Defendants provide links to the websites of several of the other skydiving businesses featured therein, but not to the website of LV Skydiving. *See Id*. On the Infringing Page, Defendant Roe Corporation and/or the Doe Defendants also use LV Skydiving's Mark without permission from LV Skydiving. *See Id*. At the top of the Infringing Page is a request that customers click on the links provided, as the Infringing Website will receive a percentage of the proceeds from any purchases in order to "keep the lights on." *See Id*. Detailed review of the Infringing Page and its metadata, as well as diligent searches for any business registration associated therewith, have not revealed the identities of the VFF Defendants. Thus, LV Skydiving is not currently aware of the precise identities of the VFF Defendants. *See* Ex. 1.

Through the Infringing Website, LV Skydiving became aware of the Groupon Partner Program, in which Groupon shares a percentage of its profits with Groupon Partners, including

Defendant Roe Corporation and/or the Doe Defendants. *See* Groupon Partner Network Agreement (the "Groupon Partner Agreement"), attached hereto as Exhibit "3." All Groupon Partners are required to agree to the Groupon Partner Network Agreement. *See Id*. Paragraph 3(n) of the Groupon Partner Agreement states that no Groupon Partner may display or link to "any Groupon competitors' content (as determined solely by Groupon), for any commercial purpose . . ." *Id*. Therefore, the Groupon Partner Agreement constitutes a horizontal agreement not to deal with a certain third party, a *per se* violation of § 1 of the Sherman Act.

### III. ARGUMENT

#### A. Standards

Federal Rule of Civil Procedure ("FRCP") 15(a)(2) provides that a party may amend its pleading at any time with leave of the Court. FRCP 15(a)(2) goes on to state that "the Court should freely give leave when justice so requires." *Id*. However, FRCP 16(b)(4) states that a court may only grant a motion for leave filed after the related deadline "for good cause[.]" "The good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*. 975 F.2d 604, 609 (9th Cir. 1992). Further, though any existence or degree of prejudice to the party opposing an amendment might be a reason for denial of a motion for leave, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. The 9th Circuit has "stressed Rule 15's policy of favoring amendments, and [has] applied this policy with liberality." *Ascon Properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989). The five factors courts may consider when determining whether a motion for leave should be granted or denied are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint*. See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-85 (9th Cir. 1987). "[O]rdinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party." *Roberts v. Arizona Bd. Of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be

4

found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). Here, Plaintiff has clearly not acted in bad faith or undue delay, there is no prejudice to the opposing party, Plaintiff has not previously amended its Complaint, and amendment is clearly not futile as the First Amended Complaint clearly states a viable claim.

### B.     The Proposed Amendments

The proposed amendments include the following: (1) the addition of the VFF Defendants as defendants; (2) the addition of newly discovered facts regarding the VFF Defendants, the Infringing Website, and the Groupon Partner Program; (3) the addition of two new causes of action, for restraint of trade under 15 U.S.C. § 1 and for monopolization (exclusion of competition) under 15 U.S.C. § 2; (4) the addition of two additional causes of action relating to the Groupon VFF/Partnership's infringement of LV Skydiving's Mark under 15 U.S.C. § 1114(a)(1) and misappropriation of commercial properties under Nevada common law; (5) the addition of the Groupon/VFF Partnership to the pre-existing cause of action for unjust enrichment under Nevada common law; (6) additions to LV Skydiving's prayer based on the newly proposed causes of action; and (7) non-substantive clerical corrections. LV Skydiving's proposed First Amended Complaint is attached hereto as Ex. 1.

### C.     The Motion Should Be Granted Because It Is Based On New Information

There is no question of LV Skydiving's diligence in discovering all necessary information throughout the present case, and LV Skydiving only discovered the Infringing Website within the last month. *See* Ex. 1. There is no reason LV Skydiving would or should have discovered the Infringing Website prior to such time, as it was not provided in discovery and LV Skydiving was unaware that the VFF Defendants existed. Further, LV Skydiving is not currently able to verify the existence of the Infringing Page prior to April 1, 2019, post-dating the Initial Complaint. *See Id*. The discovery of new evidence after the deadline to amend satisfies the "good cause" requirement for amendment. *See Injuryloans.com, LLC v. Buenrostro*, 2020 U.S. Dist. LEXIS 70476 (D. Nev., Apr. 22, 2020), *3-4. Nor can Defendants legitimately claim that LV Skydiving did not exercise diligence in uncovering such evidence. In fact, had LV Skydiving not been diligently continuing to search for all information regarding this case, even after the close

of discovery, the new information requiring this amendment would never have been discovered. For this reason, LV Skydiving respectfully requests that this Motion be granted by the Court.

### D. The Motion Will Not Prejudice Defendants Or Cause Undue Delay, And The Present Motion Is Not Made In Bad Faith

The discovery of new information will not cause any delay to the current deadlines in the present case. While discovery in the present matter is currently closed, there is no trial date currently set and no prospect of such in the near future. *See* April 21, 2020 Order [ECF No. 52]. In fact, LV Skydiving is filing the present Motion within one month of discovering the new information in this case. *See* Ex. 1. Though this information may have existed previously, there is no reason LV Skydiving would or should have discovered it earlier. *See Id*. While a delay of several months between discovery of new information and the filing of a motion for leave to amend may result in a finding of undue delay, no such situation exists here. *See, e.g.*, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Further, such delay on its own is insufficient to justify denial of leave to amend without an additional showing of prejudice or bad faith on the part of the moving party. *DCD Programs, Ltd.*, 833 F.2d at 186.

Defendants can make no legitimate claim of undue prejudice or bad faith in this matter. It is true that all motions for leave to amend, by definition, contain some degree of prejudice. *Rosati v. Bekhor*, 2007 Bankr. LEXIS 4821 (9th Cir. BAP, Mar. 19, 2007), *24. However, "not any prejudice will do," but rather such prejudice must be "undue." *Id*. (*citing Foman v. Davis*, 371 U.S. 178 (1962)). A delay in and of itself is not prejudicial, nor is the fact that a party will have to perform additional work because of an amendment. *See Id*. at *31 (*citing In re Christian Life*, 45 B.R. 905, 909 (9th Cir. BAP 1984); *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry,* 684 F.2d 1252, 1254-55 (9th Cir. 1981)). Rather, if a party must do substantially more work *because of a delay*, this may cause prejudice. *See Id*. This is not the case here. Plaintiffs will have to do the same amount of work responding to these amendments now that they would have had to perform if LV Skydiving had discovered the relevant information and filed this Motion a year ago. Nor can Plaintiff make any legitimate argument, or provide any evidence whatsoever, of bad faith on the part of LV Skydiving, which has diligently pursued the

present issue while acting entirely in accordance with the federal rules. For these reasons, Defendant respectfully requests that this Motion be granted by the Court.

### E. The Proposed Amendments Are Not Futile

#### 1. *Groupon and LV Skydiving Are, In Fact, Competitors*

The new allegations added in the First Amended Complaint provide additional evidence that Groupon and LV Skydiving are, in fact, competitors. The Court's analysis that the Initial Complaint had not sufficiently pled allegations that Groupon and LV Skydiving were competitors served as the primary basis for the Court's ruling granting Groupon's Motion to Dismiss. *See* ECF No. 30. Firstly, that Groupon itself considers LV Skydiving a competitor is shown by the Groupon/VFF Partnership's conduct in linking to solely to Groupon Affiliates on the Infringing Website, while simultaneously failing to link to LV Skydiving's website. *See* Ex. 3. This fact must be considered in relation to Paragraph 3(n) of the Groupon Partner Agreement, which prohibits Groupon Partners from linking to Groupon competitors, as determined by Groupon. *See* Ex. 2. The only plausible reason why the Groupon/VFF Partnership would not link to the publicly available LV Skydiving website is because of the clause in the Groupon Partner Agreement prohibiting such links to "competitors." It is notable that whether third parties are considered "competitors" under the Groupon Partner Agreement is solely determined by Groupon. *See* Ex. 2.

That Groupon considers itself a participant in the same Market in which LV Skydiving competes is further evidenced by the Groupon Mark Registration. The Groupon Mark Registration specifically states that Groupon intends to use its trademark for the provision of tickets for activities and entertainment. *See* Ex. 4. LV Skydiving's primary business is also the "provision of tickets" for activities. If a ticket is sold by Groupon to any of the Relevant Services Groupon provides through any of the Groupon Affiliates within the Market, Groupon makes more revenue and LV Skydiving makes less revenue, and vice versa. The definition of a competitive market for anti-trust purposes is a "group or groups of sellers or producers who have actual or potential ability to deprive each other of significant levels of business." *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1392 (9th Cir. 1984).

1  Such is certainly the case here, and therefore Groupon and LV Skydiving are, in fact,
2  competitors withing the same market. These arguments are discussed in more detail in Plaintiff's
3  Second Motion for Reconsideration, filed simultaneously herewith.

    **2. *Defendants Are Engaged In* Per Se *Illegal Conduct Under 15 U.S.C. § 1***

6    Through the Groupon Partner Agreement, the Defendants are not only acting in restraint
7  of trade, but are doing so in a manner that is *per se* illegal under 15 U.S.C. § 1. This section
8  prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in
9  restraint of trade . . . is hereby declared to be illegal." *Id*. In many cases, courts engage in a "rule
10 of reason" analysis to determine if an agreement in restraint of trade is actually illegal, but some
11 types of agreements are considered to have such negative consequences as to be *per se* illegal.
12 *See Northern Pac. R. Co. v. United States*, 356 U.S. 1, 5 (1958). Horizontal agreements not to
13 deal with third parties are thoroughly established as one of these *per se* illegal types of
14 agreements. *See Klor's, Inc. v. Broadway-Hale Stores, Inc*., 359 U.S. 207, 212 (1959); *see also
15 Continental Ore Co. v. Union Carbide & Carbon Corp*., 730 U.S. 690, 708 (1962). In fact, such
16 agreements are "not to be tolerated merely because the victim is just one merchant whose
17 business is so small that his destruction makes little difference to the economy." *Klor's*, 359 U.S.
18 at 213. The agreement between Defendants is exactly the type of conduct § 1 is meant to prevent.
19   The Groupon Partner Agreement constitutes just such a *per se* illegal agreement. It is a
20 horizontal agreement, i.e. between competitors. *See United States v. Topco Assocs., Inc*. 405 U.S.
21 596, 607 (1971). Both Groupon and Defendant Roe Corporation and/or the Doe Defendants are
22 engaged in publicizing, marketing, and selling the relevant services. *See* Ex. 1. Groupon's own
23 registered trademark (the "Groupon Mark Registration") references that their uses therefore
24 include selling tickets for activities and entertainment. *See* Groupon Mark Registration, attached
25 hereto as Exhibit "4." Meanwhile, the Roe Corporation and/or the Doe Defendants prominently
26 state at the top of the Infringing Page that they receive financial renumeration from all sales
27 made through consumers clicking through the links on the Infringing Page. *See* Ex. 2. The
28 Groupon Partner Agreement is therefore a horizontal agreement between two competitors.

Further, Paragraph 3(n) of the Groupon Partner Agreement baldly prohibits participants in the Groupon Partner Program from linking to any competitors, with the definition of competitors determined solely by Groupon. *See* Ex. 3.

LV Skydiving has suffered damages from Defendants' horizontal agreement to restrain trade. Because neither the VFF Defendants, nor any other Groupon Partner, are steering customers exclusively to Groupon Affiliates rather than to LV Skydiving, LV Skydiving has suffered lost revenues and lost potential revenues. *See* Ex. 1. As the Groupon/VFF Partnership is a direct competitor with LV Skydiving in not only the marketing and sales of the Relevant Services, but the actual skydiving portion of the Relevant Services, as admitted by the Groupon Mark Registration, such an agreement with regard to LV Skydiving is *per se* illegal. *See* Ex. 4.

Further, as members of the partnership created by the Groupon Partner Agreement, Groupon and Defendant Roe Corporation and/or the Doe Defendants are mutually liable for each other's monopolization activities. *See Western Laundry & Linen Rental Co. v. United States*, 425 F.2d 441, 444-45 (9th Cir. 1970). On its face, the Groupon Partner Agreement names the participants as "partners." *See* Ex. 3. The Groupon Partner Agreement also provides for profits to be shared between Groupon and Defendant Roe Corporation and/or the Doe Defendants. *See Id*. Nev. Rev. Stat. 87.070 provides guidance for determining the existence of partnerships under Nevada law. It states that the "receipt by a person of a share of the profits of a business is prima facie evidence that the person is a partner in the business." *Id*. Such prima face evidence clearly exists here. Therefore, Groupon and Defendant Roe Corporation and/or the Doe Defendants are clearly engaged in a partnership, and are thus responsible for any monopolistic activities committed by the other

### 3. **_Defendants Are Acting To Exclude Competition In Violation Of 15 U.S.C § 2_**

Through the Groupon Partner Program, the Groupon/VFF Partnership is acting in a willfully predatory and exclusionary anticompetitive course of action, with the aim of establishing and retaining Groupon's monopoly on tandem skydiving services in the Market. Monopolization under 15 U.S.C. § 2 is defined as either fixing prices or attempting to exclude

competition. *Grason Electric Co. v. Sacramento Mun. Utility Dist.*, 571 F.Supp. 104 (E.D.Cal. 1983). The Groupon Partner Program, which shares profits between Groupon and Groupon Partners, while allowing Groupon Partners to solely link to Groupon Affiliates, clearly constitutes an attempt to exclude competition and to utilize the Groupon/VFF Partnership's extensive market power to crush any possible competition. The actions of the Groupon/VFF Partnership, in linking to the websites of all Groupon Affiliates but not that of LV Skydiving, while urging customers to click such links in order to financially assist Defendant Roe Corporation and/or the Doe Defendants, are clearly designed to both further the monopolistic scheme and directly, monetarily benefit the Groupon/VFF Partnership. LV Skydiving's new § 2 claim is clearly meritorious.

These allegations are entirely separate from prior § 2 allegations dismissed by the Court, and are therefore not simply a re-pleading of prior claims. The Sherman Act claims in the Initial Complaint, which were dismissed by the Court, were related to Groupon's acts to fix pricing in the Market. *See* ECF No. 30. Further, the Court primarily based its decision to dismiss such claims on the basis that LV Skydiving had not sufficiently pled in its Initial Complaint that Groupon and LV Skydiving were actually direct competitors in the Market, as required by the Sherman Act. *See Id*. The claim at issue regarding exclusion of competition is based on entirely separate conduct by Groupon and the VFF Defendants than that at issue in the prior claim regarding price fixing. *See, e.g.*, Ex. 1. Further, as specifically pled in LV Skydiving's First Amended Complaint, Groupon's business model includes provision of all aspects of the tandem skydiving business, including, through Groupon Affiliates, actually assisting consumers in jumping out of planes safely, as well as provision of sales and marketing services related thereto. *See Id*. Groupon even admits to such in the Groupon Mark Registration. *See* Ex. 4. For these reasons, the bringing of a new, separate Sherman Act claim against Defendants based on new information is entirely appropriate.

Once Plaintiff has pled that it has suffered damages from monopolizing activities under § 2, the burden shifts to Defendants to show that such activities are, in fact, justified. *See Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 463 (7th Cir. 2020), cert. denied, 2021 U.S. LEXIS 3548 (U.S., June 28, 2021). Here, LV Skydiving have clearly suffered the loss of both actual and potential revenues, and been e as a result of the Groupon/VFF Partnership's conduct in dealing solely with Groupon Affiliates and not with LV Skydiving. The legality of such conduct is then determined by the "rule of reason," which considers "the principles of law and the public policy which the act embodies[.]" *Standard Oil Co. v. United States*, 221 U.S. 1, 62 (1911). Here, the conduct engaged in, the predatory use of market power to exclude competitors from the Market, is the exact type of conduct that § 2 is designed to prohibit.

### 4. The Groupon/VFF Partnership Is Committing Infringement And Misappropriation Of LV Skydiving's Mark Under 15 U.S.C. § 1114 And Nevada Common Law

The Groupon/VFF Partnership is using LV Skydiving's Mark on the Infringing Page, a page which is admittedly intended for the profiting from the sale of the Relevant Services. See Ex. 2. 15 U.S.C. § 1114(1)(A) prohibits the use of registered trademarks in commerce for in connection with the sale of any goods or services in a manner that is "likely to cause confusion, or to cause mistake, or to deceive[.]" The Infringing Page includes several uses of LV Skydiving's Mark, even though the Groupon/VFF Partnership never sought, and LV Skydiving never provided, the leave of LV Skydiving for the use of the Mark. See Exs. 1 & 2. Through the use of LV Skydiving's Mark on the Infringing Page, the Groupon/VFF Partnership obviously draws customers searching for information on LV Skydiving. The Groupon/VFF Partnership then only links to Groupon Affiliates, and not LV Skydiving, on the Infringing Page. See Ex. 2. The Groupon/VFF Partnership thus uses LV Skydiving's Mark to bring in customers to the Infringing Page, customers who, once there, are steered away from LV Skydiving to Groupon Affiliates, for the purpose of profiting the Groupon/VFF Partnership. This use of LV Skydiving's Mark is clearly designed to either confuse or deceive consumers by giving potential customers the false impression that the Infringing Site is equally affiliated with LV Skydiving as with

Groupon Affiliates, and that LV Skydiving has approved and verified the information on the Infringing Page. For these reasons, the addition of a cause of action against all Defendants under 15 U.S.C. § 1114 is clearly not futile

### 5. *The Addition Of The VFF Defendants As Defendants Is Appropriate*

The addition of the Doe and Roe Defendants is merited by the conduct of such parties, in partnership with Groupon, to not only exclude LV Skydiving from the Market, but also to infringe on LV Skydiving's Mark, misappropriate LV Skydiving's commercial property, and unjustly enrich themselves. Firstly, the addition of Doe and Roe Defendants in this matter is appropriate as a matter of law, and the 9th Circuit has repeatedly accepted the inclusion of such Defendants when parties cannot be specifically identified. *See, e.g., Lindley v. General Electric Co.*, 780 F.2d 797, 800 (9th Cir. 1986); *Fat T, Inc. v. Aloha Assoc. Piers 7, 8 & 9*, 173 F.R.D. 411, 414 (D.Haw. 1996); *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F.Supp.3d 1029, 1032 (E.D.Ca. 2015). In order to plead Roe or Doe Defendants, a plaintiff must: "(1) plead a fictitious or Doe defendant in the caption of the . . . complaint; (2) plead the basis for naming defendants by other than their true identity, and clearly specify the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercise reasonable diligence in ascertaining the identity of the intended defendants and promptly move to amend the complaint" if such identities are discovered. *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873 (Nev. 1991), *quoted by Borenstein v. Lead Animal Shelter Animal Found.*, 2020 U.S. Dist. LEXIS 235923 at *4-5 (D. Nev., May 5, 2020).

The designation of the VFF Defendants as Doe and Roe Defendants is appropriate as it meets all of the above-stated criteria. The VFF Defendants are clearly defined persons, as the owners and operators of the Infringing Website. *See* Ex. 1. Their activities in furtherance of the allegations in the First Amended Complaint is also clearly defined, as discussed at length *supra*. Finally, LV Skydiving has not been able to conclusively identify these parties, despite diligent attempts to do so, but believes it may be able to following additional discovery. The precise identities of the VFF Defendants are not included anywhere on the Infringing Website or in the

metadata thereof. *See* Exs. 1 & 2. Further, searches of the Nevada Secretary of State database have not shown any registered corporation, LLC, or partnership entity with a name similar to "Vegas Food & Fun." *See* Ex. 1. The VFF Defendants are not only benefiting from Groupon's tortious actions through the Groupon Partner Program, the VFF Defendants are taking such actions themselves, both on their own and through the Groupon/VFF Partnership. *See Id*. Additionally, through the Infringing Page, Defendant Roe Corporation and/or the Doe Defendants use LV Skydiving's mark without LV Skydiving's permission, for the financial gain of the VFF Defendants, independent of any such mark infringement on the part of Groupon, as discussed *supra*. Therefore, Plaintiffs can satisfy all the relevant criteria with regards to adding the VFF Defendants as Doe and Roe Defendants.

## IV.  CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court allow the filing of LV Skydiving's First Amended Complaint, attached hereto as Ex. 1.

Respectfully submitted this 15th day of October, 2021.

Gibson Lexbury LLP

By  */s/ Daniel E. Joslyn*
DANIEL E. JOSLYN, ESQ.
Nevada Bar No. 14725
djoslyn@gibsonlexbury.com
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 541-7888 Telephone
(702) 541-7899 Facsimile
*Attorneys for Plaintiff Las Vegas Skydiving Adventures, LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that I am an employee of Gibson Lexbury LLP and that on October 15, 2021, I caused a correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT,** to be served via CM/ECF to:

Mark E. Ferrario, Esq.
ferrariom@gtlaw.com
Tyler Andrews, Esq.
andrewst@gtlaw.com
Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
*Counsel for Groupon, Inc.*

              */s/ Ryan M. Jenkins*
              An employee of Gibson Lexbury LLP