# EXHIBIT 1

# EXHIBIT 1

1   STEVEN A. GIBSON, ESQ.
    Nevada Bar No. 6656
2   sgibson@gibsonlexbury.com
    DANIEL E. JOSLYN, ESQ.
3   Nevada Bar No. 14725
    djoslyn@gibsonlexbury.com
4
5   **Gibson Lexbury LLP**
    3470 East Russell Road, Second Floor
6   Las Vegas, Nevada 89120
    Telephone 702.541.7888
    Facsimile 702.541.7899
7
8   *Attorneys for Plaintiff*

9   **UNITED STATES DISTRICT COURT**

10  **DISTRICT OF NEVADA**

11  LAS VEGAS SKYDIVING ADVENTURES          Case No.:   2:18-cv-2342-APG-VCF
    LLC, a Nevada limited-liability company,
12
                    Plaintiff,              **FIRST AMENDED COMPLAINT**
13
           v.                               **JURY TRIAL REQUESTED**
14
    GROUPON, INC., a Delaware corporation;
15  DOES I through X, inclusive; and ROE
    CORPORATION I,
16
                    Defendants.
17

18          Plaintiff Las Vegas Skydiving Adventures LLC ("Plaintiff" or "LV Skydiving"), by and

19  through its counsel, Gibson Lexbury LLP, complains as follows against Defendant, Groupon,

20  Inc. ("Groupon"), Does I through X, inclusive, and Roe Corporation I (collectively, the "VFF

21  Defendants") (collectively with Groupon, "Defendants") on information and belief, that the

22  following are and have been true at all times relevant to this lawsuit, unless otherwise indicated

23  specifically to the contrary:

24                                  __JURISDICTION__

25          1.      This Court has original jurisdiction over Plaintiff's First, Third, and Fourth

26  Causes of Action, inclusive (the "Federal Law Causes of Action") pursuant to 15 U.S.C. §

27  1121(a), 15 U.S.C. § 4, and 28 U.S.C. § 1331, because the Federal Law Causes of Action arise

28

                                              1

under the Sherman Act and the Lanham Act, and this Court has supplemental jurisdiction over Plaintiff's Second, Fifth, and Sixth Causes of Action (the "State Law Causes of Action") pursuant to 28 U.S.C. § 1338(b) and 1367 because the State Law Causes of Action are so related to the Federal Law Causes of Action as to form part of the same case or controversy as the Federal Law Causes of Action pursuant to Article III of the United States Constitution.

2.     This Court has personal jurisdiction over Groupon under 15 U.S.C. § 22, because Groupon transacts business in the District of Nevada and is hereby the subject of a proceeding under the antitrust laws of the United States.

## NATURE OF ACTION

3.     This is an action for restraint of trade under 15 U.S.C. § 1, anticompetitive commercial activity under 15 U.S.C. § 2, direct service mark infringement under 15 U.S.C. § 1114, misappropriation of commercial properties under Nevada common law, and unjust enrichment under Nevada common law.  Groupon has engaged in anticompetitive conduct that involves a scheme aimed at suppressing and eliminating competition for marketing, sale, and provision of tandem tethered skydiving services in southern Nevada, and, in furtherance of that scheme, has illegitimately engaged in infringement of LV Skydiving's registered service mark and misappropriation of LV Skydiving's commercially valuable intellectual property, which conduct has, at a minimum, resulted in the unjust enrichment of Groupon and the VFF Defendants at LV Skydiving's expense.

## PARTIES

4.     LV Skydiving is a limited-liability company organized under the laws of the State of Nevada.

5.     Groupon is a corporation organized under the laws of the State of Delaware.

6.     The true names and capacities, whether corporate, individual, or otherwise, of the VFF Defendants are unknown to LV Skydiving, which therefore sues such Defendants by fictitious names. LV Skydiving is informed and believes, and thereon alleges, that each Defendant designated as a Roe Corporation or Doe Defendant is legally responsible in some manner or means for the damages to LV Skydiving, as alleged herein, either through their

2

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

contractual duty or conduct, or through the conduct of their agents, servants, employees or insurers, causing injury and damages to LV Skydiving as alleged herein. LV Skydiving will ask for leave of this Court to amend this Complaint to insert the true names and capacities of the VFF Defendants, when the same have been ascertained by LV Skydiving, together with the appropriate charging allegations, and to join said Defendant(s) in this action.

## **VENUE**

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because LV Skydiving owns and uses the intellectual property at issue in this matter in the District of Nevada, and thus a substantial part of the property that is the subject of this action is sited in the District of Nevada.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in the District of Nevada.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Groupon is subject to this Court's personal jurisdiction with respect to this action.

10.     This case is appropriately assigned to the southern division of the District of Nevada because LV Skydiving's principal place of business is in Clark County.

## **FACTS**

11.     LV Skydiving offers services to individuals who wish to have the experience of jumping out of an airplane while tethered to an experienced parachutist, including the marketing and sale of such services, the provision of information regarding such services, the provision of ticketing and booking allowing consumers to access such services, and the actual provision of skydiving experiences (the "Relevant Services").

12.     LV Skydiving is part of the group of businesses that markets and sells the Relevant Services to residents of and visitors to southern Nevada who wish to have the experience of jumping out of an airplane while tethered to an experienced parachutist (such group of businesses in such geographic area the "Market").

13.     Groupon controls the majority of the Market as of the filing date of this Complaint.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

14.     Through the partnership between Groupon and Defendant Roe Corporation and/or the Doe Defendants (the "Groupon/VFF Partnership"), the Groupon/VFF Partnership controls an even larger share of the Market than Groupon alone.

15.     LV Skydiving offers the Relevant Services using the service mark FYROSITY ("LV Skydiving's Mark").

16.     LV Skydiving first used LV Skydiving's Mark in commerce on June 7, 2016.

17.     The United States Patent and Trademark Office granted registration number 5258918 to LV Skydiving's Mark on August 8, 2017, as depicted in Exhibit 1 attached hereto and incorporated herein.

18.     Groupon operates an online business providing customers with all aspects of the Relevant Services by way of providing discount certificates that Groupon's customers may use with businesses that affiliate themselves with Groupon (the "Groupon Affiliates") (and share profits therewith) for the purpose of enabling Groupon to provide the Relevant Services (such business model, the "Groupon Scheme").

19.     Groupon's own registered service mark (USPTO Serial No. 8624092) (the "Groupon Mark Registration") describes the services provided by Groupon under said mark as including "online retail store services featuring goods and services" and "providing a website featuring . . . downloadable vouchers in the nature of tickets for admission" (the "Groupon Direct Services"), among numerous other services.

20.     Groupon provides consumers with the actual service of tandem skydiving activities, including, without limitation, through the Direct Groupon Services enumerated in the Groupon Mark Registration.

21.     The Groupon Mark Registration also states that Groupon provides, under said mark, "information and reviews concerning travel services and destinations," as well as a "website featuring ratings, reviews, and recommendations on events and activities" (the "Groupon Information Services").

22.     The services described in the Groupon Mark Registration, including both the Groupon Direct Services and the Groupon Information Services, are directly analogous to, and in

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

4

direct competition with, the Relevant Services provided by LV Skydiving.

23.     The Groupon Scheme includes Groupon's aggressive recruitment of all or nearly all of the businesses in the Market to become Groupon Affiliates.

24.     The purpose of the Groupon Scheme, including the aggressive recruitment of Groupon Affiliates, is to facilitate Groupon's provision of all aspects of the Relevant Services, including, without limitation, those services enumerated in the Groupon Mark Registration.

25.     The Groupon Scheme includes, without limitation, Groupon's aggressive online promotional efforts, including, without limitation, intensive search-engine optimization techniques (with intensive use of metadata embodiments), all of which target the Market.

26.     Groupon serves as the primary interface and contact with customers for the Relevant Services under the Groupon Scheme.

27.     Groupon provides all parts of the Relevant Services, including through the control Groupon exercises through Groupon's relationships with Groupon Affiliates.

28.     Virtually every provider of the Relevant Services in the Market, other than LV Skydiving, is now a Groupon Affiliate.

29.     As part of the Groupon Scheme, Groupon requires Groupon Affiliates to provide the Relevant Services to Groupon customers as mandated in Groupon Affiliates' contracts with Groupon (such contracts the "Groupon Affiliate Contracts").

30.     As part of the Groupon Scheme, Groupon operates a program known as the "Groupon Partner Network" (the "Groupon Partner Program"), by which Groupon selects owners of websites (the "Groupon Partner(s)"), through an application process, to provide links to Groupon's own website and receive a percentage of any sales made through such links.

31.     Groupon Partners expand the reach of Groupon's ability to provide the Relevant Services, including, without limitation, those services described in the Groupon Mark Registration.

32.     Groupon exercises full control over all aspects of Relevant Services for the great majority of the Relevant Services provided in the Market.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

33.     Groupon requires Groupon Partners to agree to the Groupon Partner Network Agreement (the "Groupon Partner Agreement") in order to participate in the Groupon Partner Program.

34.     Paragraph 3(n) of the Groupon Partner Agreement states that no Groupon Partner may display "any Groupon competitors' content (as determined solely by Groupon), for any commercial purpose . . ."

35.     Under the Groupon Partner Agreement, Groupon shares with Groupon Partners profits and/or losses accrued under the Groupon Scheme.

36.     As a further element of the Groupon Scheme, Groupon included LV Skydiving's name and LV Skydiving's Mark in the metadata of Groupon's website (the "Groupon Website"), without LV Skydiving's permission (such activity the "Metadata Infringement").

37.     Defendant Roe Corporation and/or the Doe Defendants own and operate a website titled "Vegas Food & Fun" (the "Infringing Website").

38.     Through the Infringing Website, Defendant Roe Corporation and/or the Doe Defendants provide portions of the Relevant Services directly analogous to the Groupon Information Services.

39.     Defendant Roe Corporation and/or the Doe Defendants have been Groupon Partners since at least April 1, 2019.

40.     As Groupon Partners, Defendant Roe Corporation and/or the Doe Defendants have necessarily agreed to the Groupon Partner Agreement.

41.     Groupon and Defendant Roe Corporation and/or the Doe Defendants hold themselves out to the public within the Market as partners, and have done so since at least April 1, 2019.

42.     Groupon and Defendant Roe Corporation and/or the Doe Defendants are partners within the Market.

43.     Groupon engages in Metadata Infringement so that consumers using LV Skydiving's Mark as a search term in their generalized Internet searching are diverted to Groupon for provision of the Relevant Services.

44.     Additionally, Groupon constructed the Groupon Website in such a manner as to enable potential customers searching for LV Skydiving as a service provider to be misleadingly diverted to Groupon Affiliates upon consumers' using the Groupon Website.

45.     On or about August 7, 2018, a person affiliated with an airport in southern Nevada speculated in a Facebook posting whether LV Skydiving was a Groupon Affiliate and shared in the same posting a video originally posted on LV Skydiving's own Facebook page in which LV Skydiving congratulated an LV Skydiving customer on completing a tandem tethered skydive (the "Shared Facebook Congratulations").

46.     Within hours of the posting of the Shared Facebook Congratulations, Groupon effectuated the posting of a comment with respect to the Shared Facebook Congratulations stating, "Hi! Here is the link to all the skydiving Groupon deals from Vegas, [link omitted]. Hope you'll find something for you!" (the "Predatory Groupon Link").

47.     Consumers clicking on the Predatory Groupon Link reach a page on the Groupon site titled "skydive Fyrosity" ("Unauthorized FYROSITY Page 1").

48.     Unauthorized FYROSITY Page 1 only provides consumers with the ability to purchase the Relevant Services from Groupon, to be provided only by Groupon, through Groupon Affiliates, and not by LV Skydiving.

49.     Groupon designed the Unauthorized FYROSITY Page 1 in a manner to obfuscate the fact that the Relevant Services advertised thereon are provided by Groupon, through Groupon Affiliates, not by LV Skydiving.

50.     The Infringing Website includes a page entitled "Las Vegas Skydiving" (the "Infringing Page"), which features detailed reviews and information regarding various businesses providing Relevant Services in the Market, including LV Skydiving; A true and accurate copy of the Infringing Page, as currently embodied as of the filing date of this Amended Complaint, is attached hereto as Exhibit "B."

51.     Through the Infringing Page, the Groupon/VFF Partnership provides services directly analogous to the Groupon Informational Services.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

7

52.     As of the filing of this Complaint, the Groupon/VFF Partnership updated the Infringing Page most recently on June 7, 2021.

53.     On the Infringing Page the Groupon/VFF Partnership prominently displays links to the websites of Groupon Affiliates (the "Conspiratorial Links"), which offer deeply discounted prices for the Relevant Services, while providing no links of any kind to the website of LV Skydiving.

54.     On the Infringing Page, the Groupon/VFF Partnership prominently displays a request to consumers (the "VFF Consumer Request") to click on the Conspiratorial Links when purchasing the Relevant Services.

55.     The VFF Consumer Request states that the VFF Defendants receive a portion of any profits from any purchases made by consumers after clicking the links on the Infringing Page.

56.     Through their status as Groupon Partners, the Defendant Roe Corporation and/or the Doe Defendants derive income from the Infringing Page and their provision of the Relevant Services, including, without limitation, services directly analogous to the Groupon Information Services.

57.     The Infringing Page contains reviews, authored by the VFF Defendants, that treat Groupon Affiliates more positively than LV Skydiving, including statements that various Groupon Affiliates are "our winner for best skydiving," "our choice for best tandem skydiving," and "our winner for the best budget-friendly skydiving experience[.]"

58.     The Groupon/VFF Partnership, through the Infringing Website, displays LV Skydiving's Mark without the permission or authorization of LV Skydiving (the "Website Mark Infringement").

59.     The Groupon/VFF Partnership never requested or obtained the permission of LV Skydiving for the use of LV Skydiving's Mark.

60.     LV Skydiving never authorized the Groupon/VFF Partnership to use LV Skydiving's Mark in any manner.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

61.     Groupon never requested or obtained the permission of LV Skydiving for the use of LV Skydiving's Mark.

62.     LV Skydiving never authorized Groupon to use LV Skydiving's Mark in any manner.

63.     Groupon displays LV Skydiving's Mark through content appearing on one or more websites, including, without limitation, through its participation in the Groupon/VFF Partnership.

64.     Groupon and Defendant Roe Corporation and/or the Doe Defendants caused economic harm to LV Skydiving through their agreement not to deal with LV Skydiving, which caused LV Skydiving to be excluded from the Market and caused LV Skydiving's revenues and potential revenues to decrease.

65.     The Groupon/VFF Partnership caused economic harm to LV Skydiving through use of Groupon's market share to cultivate relationships with, and steer customers to, Groupon Affiliates within the Market, at the expense of non-Groupon Affiliates, such as LV Skydiving, which caused LV Skydiving to be excluded from the Market and caused LV Skydiving's revenues and potential revenues to decrease.

66.     Groupon caused economic harm to LV Skydiving through the Metadata Infringement, including, without limitation, by reducing LV Skydiving's sales and thus causing LV Skydiving's revenues and potential revenues to decrease, as well as by the damage to LV Skydiving's reputation and goodwill caused by the Metadata Infringement.

67.     Groupon profited from the Metadata Infringement by, without limitation, diverting potential consumers of the Relevant Services from LV Skydiving to Groupon.

68.     The Groupon/VFF Partnership caused economic harm to LV Skydiving through the Website Mark Infringement, including, without limitation, through the damage to LV Skydiving's reputation and goodwill caused by the Website Mark Infringement.

69.     The Groupon/VFF Partnership profited from the Website Mark Infringement by, without limitation, diverting potential consumers of the Relevant Services from LV Skydiving to Groupon.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

70.      Groupon caused economic harm to LV Skydiving through the Groupon Website's functionality, including, without limitation, presenting consumers with the Unauthorized FYROSITY Page and comparable pages dependent on the use of LV Skydiving's Mark and misappropriation of LV Skydiving's commercial property, by reducing LV Skydiving's sales and thus causing LV Skydiving's revenues and potential revenues to decrease.

## FIRST CAUSE OF ACTION

## RESTRAINT OF TRADE UNDER 15 U.S.C. § 1

71.      LV Skydiving realleges each and every allegation set forth above.

72.      Groupon and Defendant Roe Corporation, if such exists, or the Doe Defendants, entered into the Groupon Partner Agreement.

73.      The Groupon Partner Agreement requires Defendant Roe Corporation and/or the Doe Defendants to refrain from displaying on the Infringing Website "any Groupon competitors' content (as determined solely by Groupon), for any commercial purpose[.]"

74.      As both Groupon and the VFF Defendants provide portions of the Relevant Services, including, without limitation, the Groupon Information Services, the Groupon Partner Agreement is therefore a horizontal agreement between two participants in the Market.

75.      The Groupon Partner Agreement constitutes an agreement between Groupon and either Defendant Roe Corporation and/or the Doe Defendants to refrain from dealing with other, competing providers of the Relevant Services, including, without limitation, LV Skydiving.

76.      As a horizontal agreement in restraint of trade, the Groupon Partner Agreement represents a *per se* violation of § 1 of the Sherman Act.

77.      As part of the Groupon Partner Program, Groupon and the VFF Defendants act as partners and share profits and/or losses accrued through the provision of the Relevant Services.

78.      As members of a partnership, all Defendants are jointly and severally liable for the monopolization activities of all other Defendants.

79.      The Groupon Partner Agreement represents a willful and predatory anticompetitive agreement between Groupon and Defendant Roe Corporation and/or the Doe Defendants, directed at restraining trade within the Market, including, without limitation, the

exclusion of LV Skydiving from the Market.

80.     LV Skydiving and Defendants are direct competitors in provision of the Relevant Services within the Market, in all areas of the Relevant Services, including, without limitation, services directly analogous to the Groupon Direct Services and the Groupon Information Services.

81.     LV Skydiving has been injured by Defendants' conduct in violation of § 1 of the Sherman Act by the loss of revenues and potential revenues emanating from Defendants' restraint of trade.

82.     LV Skydiving is entitled to damages in relation to LV Skydiving's actual losses as well as treble damages.

83.     LV Skydiving is entitled to LV Skydiving's attorneys' fees and costs in bringing this action.

## SECOND CAUSE OF ACTION

## MONOPOLIZATION UNDER 15 U.S.C. § 2 (EXCLUSION OF COMPETITION)

84.     LV Skydiving realleges each and every allegation set forth above.

85.     Groupon has gained the power to control prices and exclude competition in the Market.

86.     Defendants have engaged in willful predatory and exclusionary anticompetitive acts directed at establishing and retaining Groupon's monopoly on the Relevant Services in the Market, including, without limitation, instituting and engaging in programs such as the Groupon Partner Program for the purpose of excluding all non-Groupon Affiliates from the Market.

87.     The Groupon/VFF Partnership has participated in willfully predatory and exclusionary anticompetitive acts through its participation in the Groupon Partner Program, including providing links solely to Groupon Affiliates, sharing Groupon profits from the Groupon Partner Program, and providing more positive reviews to Groupon Affiliates than to non-Groupon Affiliates.

88.     As members of a partnership, all Defendants are jointly and severally liable for the monopolization activities of all other Defendants.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

89.     LV Skydiving and Defendants are direct competitors in provision of the Relevant Services within the Market, including, without limitation, services directly analogous to the Groupon Direct Services and the Groupon Information Services.

90.     LV Skydiving has been injured by Defendants' conduct in violation of § 2 of the Sherman Act by the loss of revenues and potential revenues emanating from Defendants' anticompetitive activity.

91.     LV Skydiving is entitled to damages in relation to LV Skydiving's actual losses, as well as treble damages.

92.     LV Skydiving is entitled to LV Skydiving's attorneys' fees and costs in bringing this action.

## THIRD CAUSE OF ACTION

## DIRECT REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

### (against Groupon)

93.     LV Skydiving realleges every allegation set forth above.

94.     Through the Metadata Infringement, Groupon is using and has used LV Skydiving's Mark in commerce in connection with the sale, offering for sale, distribution, and advertising of services without LV Skydiving's consent.

95.     The Metadata Infringement is likely to cause confusion, cause mistake, or deceive consumers and the public with respect to the services offered in commerce by Defendants.

96.     Groupon has willfully engaged in the Metadata Infringement with knowledge that the Metadata Infringement constitutes infringement of LV Skydiving's Mark.

97.     The Metadata Infringement damaged and will continue to damage the reputation and goodwill of LV Skydiving established in connection with LV Skydiving's Mark, in violation of 15 U.S.C. § 1114.

98.     As members of a partnership, all Defendants are jointly and severally liable for the monopolization activities of all other Defendants.

99.     Through the Groupon/VFF Partnership, Groupon is using and has used LV Skydiving's mark in commerce in connection with the sale, offering for sale, distribution, and

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

1    advertising of services, through the Website Mark Infringement, without LV Skydiving's

2    consent.

3           100.    The Website Mark Infringement is likely to cause confusion, cause mistake, or

4    deceive consumers and the public with respect to the services offered in commerce by

5    Defendants.

6           101.    Groupon has willfully engaged in the Website Mark Infringement with knowledge

7    that the Website Mark Infringement constitutes infringement of LV Skydiving's Mark.

8           102.    The Website Mark Infringement damaged and will continue to damage the

9    reputation and goodwill of LV Skydiving established in connection with LV Skydiving's Mark,

10   in violation of 15 U.S.C. § 1114.

11          103.    LV Skydiving has sustained actual damages as a direct and proximate result of

12   both the Metadata Infringement and the Website Mark Infringement, and Groupon is liable to

13   LV Skydiving for up to three times the amount of those actual damages pursuant to 15 U.S.C. §

14   1117.

15          104.    Groupon has profited as a direct and proximate result of both the Metadata

16   Infringement and the Website Mark Infringement, and Groupon is liable to LV Skydiving for the

17   amount of those profits pursuant to 15 U.S.C. § 1117.

18          105.    LV Skydiving has incurred costs of suit in connection with bringing this action,

19   and Groupon is liable to LV Skydiving for those costs of suit pursuant to 15 U.S.C. § 1117.

20          106.    Groupon utilized LV Skydiving's Mark without authorization in derogation of LV

21   Skydiving's exclusive rights under 15 U.S.C. § 1114.

**FOURTH CAUSE OF ACTION**

**DIRECT REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

**(against All Defendants)**

25          107.    LV Skydiving incorporates and realleges every allegation set forth above.

26          108.    Through the Website Infringement, the Groupon/VFF Partnership is using and has

27   used LV Skydiving's Mark in commerce in connection with the sale, offering for sale,

28   distribution, and advertising of services without LV Skydiving's consent.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

109. The Website Infringement is likely to cause confusion, cause mistake, or deceive consumers and the public with respect to the services offered in commerce by the Groupon/VFF Partnership.

110. The Groupon/VFF Partnership have willfully engaged in the Website Infringement with knowledge that the Website Infringement constitutes infringement of LV Skydiving's Mark.

111. The Website Infringement has damaged and will continue to damage the reputation and goodwill of LV Skydiving established in connection with LV Skydiving's Mark, in violation of 15 U.S.C. § 1114.

112. LV Skydiving has sustained actual damages as a direct and proximate result of the Website Infringement, and the Groupon/VFF Partnership is liable to LV Skydiving for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

113. The Groupon/VFF Partnership has profited as a direct and proximate result of the Website Infringement, and the Groupon/VFF Partnership is liable to LV Skydiving for the amount of those profits pursuant to 15 U.S.C. § 1117.

114. LV Skydiving has incurred costs of suit in connection with bringing this action, and the Groupon/VFF Partnership is liable to LV Skydiving for those costs of suit pursuant to 15 U.S.C. § 1117.

115. The Groupon/VFF Partnership utilized LV Skydiving's Mark without authorization in derogation of LV Skydiving's exclusive rights under 15 U.S.C. § 1114.

## FIFTH CAUSE OF ACTION

## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER NEVADA COMMON LAW (against Groupon)

116. LV Skydiving realleges each and every allegation set forth above.

117. LV Skydiving has invested significant time, effort, and money in creating, publicizing, and protecting LV Skydiving's Mark and developing valuable goodwill arising from and associated with LV Skydiving's Mark ("LV Skydiving's Commercial Property"), including, without limitation, investments of hundreds of thousands of dollars in financial outlays and time

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

value in website creation and maintenance; search engine optimization; mark creation, development, and protection efforts; and advertising and promotional efforts.

118.   LV Skydiving has preserved LV Skydiving's right to license, encumber, or sell LV Skydiving's Commercial Property to individuals or entities while LV Skydiving has expended substantial resources to increase the value of such potential licensing, encumbrance, or sales.

119.   Groupon misappropriated LV Skydiving's Commercial Property through the use of LV Skydiving's Mark for Groupon's enrichment without appropriately compensating LV Skydiving.

120.   LV Skydiving has sustained and will continue to sustain damages as a direct and proximate result of Groupon's misappropriation of LV Skydiving's Commercial Property, and Groupon is liable to LV Skydiving for the amount of those present and future damages.

121.   LV Skydiving has been required to retain an attorney to prosecute this action, and Groupon is liable to LV Skydiving for LV Skydiving's attorney fees to the extent allowed by law.

122.   LV Skydiving has incurred costs of suit in connection with bringing this action, and Groupon is liable to LV Skydiving for those costs of suit.

## SIXTH CAUSE OF ACTION

## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER NEVADA COMMON LAW (against All Defendants)

123.   LV Skydiving realleges each and every allegation set forth above.

124.   LV Skydiving has invested significant time, effort, and money in creating, publicizing, and protecting LV Skydiving's Mark and developing valuable goodwill arising from and associated with LV Skydiving's Mark ("LV Skydiving's Commercial Property"), including, without limitation, investments of hundreds of thousands of dollars in financial outlays and time value in website creation and maintenance; search engine optimization; mark creation, development, and protection efforts; and advertising and promotional efforts.

125.    LV Skydiving has preserved LV Skydiving's right to license, encumber, or sell LV Skydiving's Commercial Property to individuals or entities while LV Skydiving has expended substantial resources to increase the value of such potential licensing, encumbrance, or sales.

126.    The Groupon/VFF Partnership misappropriated LV Skydiving's Commercial Property by using LV Skydiving's Mark for the Groupon/VFF Partnership's enrichment without appropriately compensating LV Skydiving.

127.    As members of a partnership, all Defendants are jointly and severally liable for the misappropriation of LV Skydiving's Commercial Properties by all other Defendants.

128.    LV Skydiving has sustained and will continue to sustain damages as a direct and proximate result of the Groupon/VFF Partnership's misappropriation of LV Skydiving's Commercial Property, and the Groupon/VFF Partnership is liable to LV Skydiving for the amount of those present and future damages.

129.    LV Skydiving has been required to retain an attorney to prosecute this action, and the Groupon/VFF Partnership is liable to LV Skydiving for LV Skydiving's attorney fees to the extent allowed by law.

130.    LV Skydiving has incurred costs of suit in connection with bringing this action, and the Groupon/VFF Partnership is liable to LV Skydiving for those costs of suit.

## SEVENTH CAUSE OF ACTION

## UNJUST ENRICHMENT UNDER NEVADA COMMON LAW

131.    LV Skydiving realleges every allegation set forth above.

132.    Groupon benefited from its infringement and misappropriation of LV Skydiving's Mark.

133.    Groupon retained such benefits at the expense of LV Skydiving.

134.    The benefit retained by Groupon in equity and good conscience belonged to LV Skydiving.

135.    Defendant Roe Corporation and/or the Doe Defendants benefited from their infringement and misappropriation of LV Skydiving's Mark.

136.     Defendant Roe Corporation and/or the Doe Defendants retained such benefits at the expense of LV Skydiving.

137.     The benefit retained by Defendant Roe Corporation and/or the Doe Defendants in equity and good conscience belonged to LV Skydiving.

138.     As members of a partnership, all Defendants are jointly and severally liable for the unjust enrichment of all other Defendants.

139.     LV Skydiving has sustained damages as a direct and proximate result of Defendants' acts as alleged herein, and Defendants are liable to LV Skydiving for such damages.

## **PRAYER FOR RELIEF**

LV Skydiving prays for judgment against Defendants as follows:

a.     For three times LV Skydiving's damages caused by Defendants' restraint of trade, in violation § 1 of the Sherman Antitrust Act pursuant to 15 U.S.C. § 15(a);

b.     For three times LV Skydiving's damages caused by Defendants' anticompetitive activity, in violation of § 2 of the Sherman Antitrust Act pursuant to 15 U.S.C. § 15(a);

c.     For three times LV Skydiving's actual damages and/or for Groupon's profits caused by the Metadata Infringement and the Website Mark Infringement;

d.     For three times LV Skydiving's actual damages and/or for the Groupon/VFF Partnership's profits caused by the Website Mark Infringement;

e.     For actual damages for the misappropriation by Groupon of the LV Skydiving Commercial Properties;

f.     For actual damages for the misappropriation by the Groupon/VFF Defendants of the LV Skydiving Commercial Properties;

g.     For permanent injunctive relief against further display or use by Defendants of LV Skydiving's Mark;

h.     For equitable relief for the unjust enrichment of Defendants at LV Skydiving's expense, in the form of disgorgement of profits and a permanent injunction;

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

i.    For attorney fees from Defendants for Defendants' mark infringement and false designation of origin pursuant to 15 U.S.C. § 1117(a);

j.    For attorney fees from Defendants for Defendants' anticompetitive activity, pursuant to 15 U.S.C. § 15(a);

k.    For costs of suit;

l.    For prejudgment simple interest on actual damages beginning on the date of service of this Complaint pursuant to 15 U.S.C. § 15(a); and

m.    For any other relief this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

LV Skydiving hereby requests trial by jury on all causes of action so triable.

Respectfully submitted this _____ day of _____, 2021.

Gibson Lexbury LLP

By _____
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlexbury.com
DANIEL E. JOSLYN, ESQ.
Nevada Bar No. 14725
djoslyn@gibsonlexbury.com
3460 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120
(702) 541-7888 Telephone
(702) 541-7899 Facsimile
*Attorneys for Plaintiff*

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899