DANIEL E. JOSLYN, ESQ.
Nevada Bar No. 14725
djoslyn@gibsonlexbury.com

**Gibson Lexbury LLP**
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, a Nevada limited-liability company;<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation;<br><br>Defendant. | Case No.:  2:18-cv-02342-APG-VCF<br><br>**PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Las Vegas Skydiving Adventures LLC ("Plaintiff" or "LV Skydiving"), by and through its counsel, Gibson Lexbury LLP, hereby files this Second Motion for Reconsideration (this "Motion") of this Court's dismissal with prejudice of LV Skydiving's antitrust claims in ECF No. 30.

This Motion is based on the memorandum of points and authorities set forth herein, the pleadings and papers of record in this matter, any oral argument of counsel adduced at any hearing this Court may hold with respect to the Motion, and any other evidence or other material of which this Court wishes to take notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

LV Skydiving respectfully requests that this Court reconsider its dismissal with prejudice of LV Skydiving's claims against Defendant Groupon, Inc. ("Groupon") because of the discovery of new information supporting such claims, including additional details regarding the monopolistic design of Groupon's business model, as well as new evidence of a per se illegal agreement entered into by Groupon in restraint of trade (the "Newly Discovered Evidence"). The owners and operators of the website "Vegas Food & Fun" (such owners and operators, the "VFF Defendants, such website, including all content found publicly found at http://www.vegasfoodandfun.com, the "Infringing Website"), entered into an agreement with Groupon titled the "Groupon Partner Network Agreement" (the "Groupon Partner Agreement"). A true and accurate copy of the Groupon Partner Agreement is attached hereto as Exhibit "1." Through the Groupon Partner Agreement, Groupon and the VFF Defendants agreed to share profits from the marketing, sales, and actual provision of tandem skydiving services (the "Relevant Services") within the Southern Nevada area (the "Market"). The existence of the Groupon Partner Agreement, and the manner of implementation thereof, provides additional facts in support of LV Skydiving's previously dismissed anti-trust claims that were not available at the time of this Court's prior order granting Groupon's Motion to Dismiss. These facts were discovered by LV Skydiving within one month prior to the filing of this Motion. LV Skydiving has, simultaneously to this motion, filed a Motion for Leave to File First Amended Complaint requesting that the Court allow LV Skydiving to amend its Initial Complaint to include these new facts.

## II. PROCEDURAL HISTORY

The Initial Complaint in this matter the "Initial Complaint") was filed on December 10, 2018 [ECF No. 1]. On April 22, 2020, this Court granted Groupon's Motion to Dismiss as to the anti-trust causes of action brought in the Initial Complaint, but allowed all other causes of action to remain intact. *See* Order Granting D.'s Mot. to Dismiss (the "Prior Order") [ECF No. 30]. In the Prior Order, the Court made its ruling on the basis that LV Skydiving had not sufficiently

2

pled in the Initial Complaint that Groupon and LV Skydiving were, in fact, competitors. *See Id*. Discovery in this matter then closed on December 30, 2020. *See* Order Granting in Part and Denying in Part P.'s Mot. to Extend Time [ECF No. 63].

### III.  STATEMENT OF RELEVANT FACTS

LV Skydiving will include herein only those newly discovered facts relevant to this Motion, rather than belabor the pre-existing facts of this matter. Within the past month, LV Skydiving became aware of the Infringing Website, which includes a publicly available page titled "Las Vegas Skydiving" (the "Infringing Page"). A true and accurate copy of the Infringing Page as of the date of filing of this Motion is attached hereto as Exhibit "2." The Infringing Website does not include the identities of the VFF Defendants, and diligent search by LV Skydiving has not been able to determine such identities as of the date of this motion. *See, e.g.*, Ex. 2. Such search included detailed review of information of the Infringing Website, several searches of the Nevada Secretary of State's entity registration site, and numerous other internet searches. At the top of the Infringing Page, the VFF Defendants prominently display a request to the site's users to click on the links included on the Infringing Page (all of which are to Groupon offers) for any purchases, as the VFF Defendants receive a portion of such purchases. *See* Ex. 2.

The program through which participants receive a portion of Groupon profits accrued through links to Groupon offers is the "Groupon Partner Program" (the "Groupon Partner Program"), as embodied by the Groupon Partner Agreement. *See* Ex. 1. Paragraph 5 of the Groupon Partner Agreement details the profit-sharing arrangement of the Groupon Partner Program. *See Id*. All participants in the Groupon Partner Program ("Groupon Partners") are required to agree to the Groupon Partner Agreement. *See Id*. Paragraph 3(n) of the Groupon Partner Agreement states that no Groupon Partner may display or link to "any Groupon competitors' content (as determined solely by Groupon), for any commercial purpose . . ." *Id*. As the VFF Defendants receive revenues from purchases made through links to Groupon offers, the VFF Defendants are Groupon Partners and have agreed to the Groupon Partner Agreement. *See, e.g.* Ex. 2. Through the profit-sharing under Groupon Partner Program, Groupon and the VFF Defendants engaged in a partnership ("the Groupon/VFF Partnership"). *See* Ex. 1.

1    The Infringing Page includes detailed reviews and information, posted by the
2    Groupon/VFF Partnership, regarding several skydiving businesses currently operating in the
3    Market. *See* Ex. 2. On the Infringing Page, the Groupon/VFF Partnership provides links to the
4    websites of several of the other skydiving businesses featured therein, but not to the website of
5    LV Skydiving. *See Id*. The Newly Discovered Evidence regarding the Groupon Partner Program,
6    the Groupon/VFF Partnership, and the Infringing Website was only discovered by LV Skydiving
7    within the past month, and the Infringing Page lists its posting date as June 7, 2021. *See Id.* The
8    earliest date on which LV Skydiving has been able to verify that the Groupon/VFF Partnership
9    existed is April 1, 2019. See Internet Archive "Wayback Machine" of "Coupons" page of the
10   Infringing Website
11   (https://web.archive.org/web/20190401171921/https://vegasfoodandfun.com/coupons/), dated
12   April 1, 2019, attached hereto as Exhibit "3" (including links to various offers only available
13   through Groupon). This information also led LV Skydiving to discovery Groupon's registration
14   of its own trademark with the United States Patent and Trademark Office (the "Groupon Mark
15   Registration"), which states that such trademark will be used in providing consumers tickets to
16   activities and entertainment. See Groupon Mark Registration, attached hereto as Exhibit "4."
17   Due to the Newly Discovered Evidence, LV Skydiving respectfully requests that this Court
18   reconsider the Prior Order.

19   **IV.    ARGUMENT**
20       ***A.    Legal Standard***

21   Reconsideration of a prior ruling is appropriate in situations including the discovery of
22   new evidence, an intervening change in controlling law, or where the initial decision was clearly
23   erroneous or manifestly unjust. *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004). To
24   move for reconsideration based on new evidence, the moving party must show that the "evidence
25   was newly discovered or unknown to it" and that the moving party "could not with reasonable
26   diligence have discovered and produced such evidence." *Frederick S. Wyle Prof'l Corp. v.*
27   *Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985). Courts have denied reconsideration based on
28   new information when said evidence had been known to Plaintiffs during the prior briefing on

4

the order for which reconsideration is requested. *Heartland Reg'l Med. Ctr. v. Oneok, Inc.*, 2010 U.S. Dist. LEXIS 116770, *26-27 (D.Nev., Oct. 29, 2010). In the present case, LV Skydiving had no reason to know of the Newly Discovered Evidence prior to its discovery, nor failed to exercise any necessary diligence. Therefore, LV Skydiving respectfully requests that the Motion be granted.

### B. The Newly Discovered Evidence Merits Reconsideration Of The Prior Order

#### 1. The Newly Discovered Evidence Was Previously Unknown to LV Skydiving And Would Not Have Been Discovered Through Reasonable Diligence

LV Skydiving only recently learned about the Newly Discovered Evidence through happenstance, and had no reason to know or suspect the existence of the Newly Discovered Evidence previously. Firstly, the Infringing Page lists its posting date as June 7, 2021, and LV Skydiving has not been able to verify that the VFF Defendants were Groupon Partners prior to April 1, 2019, after the filing of the Initial Complaint. *See* Exs. 2 & 3. Further, the Newly Discovered Evidence was not mentioned or remotely referred to at any point during discovery, neither through written discovery nor during depositions. Though going towards the same claims, the factual basis of this Motion (the Groupon Partner Program and existence of the VFF Defendants and the Infringing Website) is separate from the factual basis of LV Skydiving's anti-trust claims in the Initial Complaint (Groupon's predatory attempts to fix prices through Groupon's market power). *See, e.g.,* ECF No. 30.

Groupon cannot make any legitimate argument that LV Skydiving did not exercise sufficient diligence in order to find the Newly Discovered Evidence. In fact, had LV Skydiving not continued to diligently search for evidence, even after the close of discovery in the present case, the Newly Discovered Evidence would likely never have come to light. Further, as discussed *supra*, LV Skydiving engaged in diligent searches for any additional information that might be related to the Newly Discovered Evidence, including the Groupon Mark Registration. *See, e.g.,* Ex. 4. Therefore, LV Skydiving respectfully asserts that the Court's reconsideration of its Prior Order is appropriate.

## 2. The Newly Discovered Evidence Supports LV Skydiving's Anti-Trust Claims

Reconsideration of the Prior Order is merited because the Newly Discovered Evidence directly addresses the Court's bases for granting Groupon's Motion to Dismiss. The Court stated in the Prior Order that LV Skydiving's Initial Complaint did not sufficiently plead that Groupon and LV Skydiving were in fact competitors. *See* ECF No. 30. However, the Newly Discovered Evidence bolsters the fact that Groupon is in fact a competitor of LV Skydiving in several ways. This is clearly shown by the Groupon/VFF Partnership's conduct in linking to solely to Groupon Affiliates on the Infringing Website, while simultaneously failing to link to LV Skydiving's website. *See* Ex. 2. This fact must be considered in relation to Paragraph 3(n) of the Groupon Partner Agreement, which prohibits Groupon Partners from linking to Groupon competitors, as determined by Groupon. *See* Ex. 1. The only plausible reason why the Groupon/VFF Partnership would not link to the publicly available LV Skydiving website is because of the clause in the Groupon Partner Agreement prohibiting such links to "competitors." Further, as whether a party is a "Groupon competitor" is, under the Groupon Partner Agreement, solely determined by Groupon, said conduct is clear evidence that *Groupon itself* considers LV Skydiving to be a direct competitor. *See, e.g., Id*.

That Groupon considers itself a participant in the same Market in which LV Skydiving competes is further evidenced by the Groupon Mark Registration. The Groupon Mark Registration specifically states that Groupon intends to use its trademark for the provision of tickets for activities and entertainment. *See* Ex. 4. LV Skydiving's primary business is also the "provision of tickets" for activities. If a ticket is sold by Groupon to any of the Relevant Services Groupon provides through any of the Groupon Affiliates within the Market, Groupon makes more revenue and LV Skydiving makes less revenue, and vice versa. The definition of a competitive market for anti-trust purposes is a "group or groups of sellers or producers who have actual or potential ability to deprive each other of significant levels of business." *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1392 (9th Cir. 1984).

1  Such is certainly the case here. For these reasons, LV Skydiving respectfully requests that the
2  Court grant its Motion to Reconsider.

3  **V.     CONCLUSION**

4        For the reasons set forth herein, Plaintiff respectfully requests that this Court reconsider
5  this Court's decision to dismiss LV Skydiving's antitrust claims with prejudice on the basis of
6  the Newly Discovered Evidence.

7        Respectfully submitted this 15th day of October, 2021.

8                                               Gibson Lexbury LLP

9                              */s/ Daniel E. Joslyn*
10                             DANIEL E. JOSLYN, ESQ.
                              Nevada Bar No. 14725
11                             djoslyn@gibsonlexbury.com
                              3470 East Russell Road, Second Floor
12                             Las Vegas, Nevada 89120
                              (702) 541-7888 Telephone
13                             (702) 541-7899 Facsimile
                              *Attorneys for Plaintiff Las Vegas Skydiving*
14                             *Adventures, LLC*

15

16

17

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that I am an employee of Gibson Lexbury LLP and that on October 15, 2021, I caused a correct copy of the foregoing **PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION** to be served via CM/ECF to:

Mark E. Ferrario, Esq.
ferrariom@gtlaw.com
Tyler Andrews, Esq.
andrewst@gtlaw.com
Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
*Counsel for Groupon, Inc.*

　　　　　　　　　　　　　　　　　　*/s/ Ryan M. Jenkins*
　　　　　　　　　　　　　　　　　　An employee of Gibson Lexbury LLP