**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-02342-APG-VCF <br><br> **ORDER** <br><br> MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 108) |

Plaintiff Las Vegas Skydiving Adventures LLC filed a motion for leave to file an amended complaint ECF No. 108. I deny plaintiff's motion to amend.

**I.     Background**

On December 10, 2018, Plaintiff sued Groupon, Inc. for antitrust violations, trademark infringement, and Nevada common law claims for misappropriation of commercial properties and unjust enrichment. ECF No. 1. Judge Gordon dismissed LV Skydiving's antitrust claims with prejudice for failure to plausibly allege standing because Groupon and LV Skydiving are not competitors in the same market. ECF No. 30. Discovery in this case closed about a year ago on December 30, 2020. ECF No. 63. The deadline to amend pleadings passed nearly two years ago on February 19, 2020. ECF No. 35.

The plaintiff argues in its motion to amend that it recently discovered additional facts regarding Groupon's behavior that it claims it could not have discovered earlier. ECF No. 108 at 2. It argues that a website, called Vegas Food and Fun (VFF) both infringes on its trademark and has entered into an illegal partnership agreement with Groupon. *Id.* at 2. Plaintiff alleges that it discovered the website a

1

month ago and it is not currently able to verify the existence of the infringing page on the VFF website prior to April 1, 2019, post-dating the complaint. *Id.* at 5.

Plaintiff wants to amend its complaint to (1) add VFF as a defendant(s), (2) add the newly discovered facts regarding VFF and its relationship with Groupon; (3) add two new causes of action, for restraint of trade under 15 U.S.C. § 1 and for monopolization (exclusion of competition) under 15 U.S.C. § 2; (4) add two additional causes of action relating to the Groupon/VFF partnership's infringement of LV Skydiving's Mark under 15 U.S.C. § 1114(a)(1) and misappropriation of commercial properties under Nevada common law; (5) add the Groupon/VFF partnership to the pre-existing cause of action for unjust enrichment under Nevada common law; (6) add to LV Skydiving's prayer based on the newly proposed causes of action; and (7) non-substantive clerical corrections.

Groupon notes in its response that plaintiff has filed this motion nearly two years after the amendment deadline. ECF No. 110 at 10. Groupon argues that plaintiff has acted in bad faith by attempting to amend now. *Id.* Groupon also argues that plaintiff has unduly delayed filing this motion because it has not shown that this website, including the webpage that lists plaintiff's trademark alongside other skydiving services with affiliate links to Groupon, was not available online prior to the amendment deadline. *Id.* at 13. Groupon also points out that even going by the date on the page at issue on the website, which states "Last Updated on June 7, 2021," this page was published for more than four months before plaintiff filed this motion. *Id.* at 13. Groupon argues that since discovery is long closed, and it has already moved for summary judgment, it would be greatly prejudiced if the plaintiff is allowed to amend and reopen discovery now. *Id.* Groupon also argues that amendment would be futile for multiple reasons, including that the website plaintiff complains of only has affiliate links to Groupon with disclaimers, so there is no illegal partnership.

Plaintiff argues in its reply that undue delay is not issue here because there is no current trial date and no other deadlines subject to delay. ECF No. 112 at 4. Plaintiff also argues that its proposed amendment is not futile since plaintiff need not be a direct competitor with defendant to bring an antitrust claim. *Id.*

## II.   Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Federal Rule of Civil Procedure 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Fed. R. Civ. P. 15(a)." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1049 (9th Cir. 2003). The Ninth Circuit has declared that when a party files a motion for leave to amend after the date set forth in Rule 16 scheduling order, "the party [can] not appeal to the liberal amendment procedures afforded by Rule 15; [the] tardy motion ha[s] to satisfy the more stringent 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original). "The denial of a motion to amend a complaint is reviewed for abuse of discretion." *Johnson* 356 F.3d at 1069.

Plaintiff has not previously amended its complaint and there is no indication of bad faith here. Plaintiff wishes to bring new claims based on a new set of facts: an allegedly infringing website created by a third-party with Groupon affiliate links. Plaintiff concedes that it does not know when VFF published the webpage at issue. Although plaintiff alleges it only discovered this website a month ago, plaintiff has not shown that it could not have discovered the website earlier. Plaintiff has not shown

good cause to amend the operative complaint. Plaintiff's proposed new claims allege transactions and occurrences different from those in the operative complaint against Groupon and new defendants.

Discovery is over in this case and a dispositive motion is pending. The defendants would be greatly prejudiced if I allowed the plaintiff to amend its complaint now to add new factual allegations, new defendants, and new claims. This would also cause undue delay given that the defendant's motion for summary judgment is pending and pretrial proceedings are close to an end. The plaintiff will not be prejudiced as nothing precludes it from filing a new complaint alleging its new claims, including potentially new defendants, because its allegations regarding an illegal partnership between Groupon and VFF are based on a new set of facts regarding events different from the events at issue in the operative complaint. Since plaintiff may be able to pursue a different case since its allegations concern a new set of facts, I do not consider futility of amendment. Prejudice to the opposing party is the touchstone of the inquiry under the rules, and the defendant would be greatly prejudiced given the nearly two years that have passed since the amendment deadline, by the fact that discovery is long closed, and that finality in this matter is near.

ACCORDINGLY,

I ORDER that plaintiff's motion for leave to file a first amended complaint (ECF No. 108) is DENIED.

DATED this 22nd day of December 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE