MARK E. FERRARIO
Nevada Bar No. 1625
TYLER ANDREWS
Nevada Bar No. 9499
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
ferrariom@gtlaw.com
andrewst@gtlaw.com

*Counsel for Defendant Groupon, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES, LLC, a Nevada limited-liability company;<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:18-cv-2342-APG-VCF<br><br>**DEFENDANT GROUPON, INC.'S NOTICE OF RELATED CASES** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 42-1, Defendant, GROUPON, INC., ("Defendant" or "Groupon"), by and through its undersigned counsel, hereby files this Notice of Related Cases. The recently-filed case *Las Vegas Skydiving Adventures, LLC v. Groupon Inc. et al.*, 2:22-cv-00047-RFB-BNW, (the "New Case") is related to *Las Vegas Skydiving Adventures, LLC v. Groupon, Inc.*, 2:18-cv-02342-APG-VCF (the "Original Case"), and as such should be heard by the same judges assigned to the Original Case.

Local Rule 42-1 provides that "[a]n action may be considered to be related to another action when:

(1) Both actions involve the same parties and are based on the same or similar claim;

1

ACTIVE 62503251v1

(2) Both actions involved the same property, transaction, or event;

(3) Both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort;

(4) Both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or

(5) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges.

Here, the Original Case has the same plaintiff and same defendant as the New Case, the same counsel, and raises similar claims. In the Original Case, filed in 2018, Plaintiff asserted antitrust, trademark infringement, misappropriation of commercial properties, and unjust enrichment claims against Groupon arising out of Groupon's alleged use of Plaintiff's trademark on its website and on the Mesquite Airport Facebook page.[1] *See generally* 2:18-cv-02342-APG-VCF, ECF No. 1. In the New Case, Plaintiff has also asserted antitrust, trademark infringement, misappropriation of commercial properties, and unjust enrichment claims against Groupon, this time arising out of an allegedly improper use of Plaintiff's trademark on a third-party website (for which Plaintiff seeks to hold Groupon responsible). *See generally* 2:22-cv-00047-RFB-BNW, ECF No. 1.[2] Both of these actions involve similar questions of fact and law, such as whether Groupon and Las Vegas Skydiving are "competitors" under the antitrust laws, whether "misappropriation of commercial properties" would be recognized in situations where the "misappropriation" is of a trademark, and where the "market" at issue includes skydiving operators in Southern Nevada. Both of these actions involve allegations that Groupon has done something

---

[1] These claims are unfounded. Plaintiff's antitrust claims were dismissed pursuant to Groupon's 12(b)(6) motion. Discovery is now closed and Groupon's summary judgment motion on the remaining claims is pending.

[2] Indeed, Plaintiff originally sought to amend its complaint in the Original Case to add these allegations, but Judge Ferenbach correctly held that amendment after the summary judgment deadline to add claims with an entirely new factual basis would be prejudicial to Groupon and denied the motion. *See* 2:18-cv-02342-APG-VCF, ECF No. 114.

2

ACTIVE 62503251v1

improper with Las Vegas Skydiving's FYROSITY trademark in order to stifle or harm competition. Groupon vehemently denies the allegations in both lawsuits.

The Original Case has been a long and hard-fought litigation. In the course of the three plus years that it has been ongoing, Judge Gordon and Judge Ferenbach have become very familiar with facts about both parties. As such, assignment to the same district judge and magistrate judge is likely to effect a substantial savings of judicial effort. It would entail substantial duplication of labor if the Original Case and the New Case were heard by different judges or magistrate judges. Accordingly, Groupon respectfully requests that the New Case be reassigned to Judge Gordon and Judge Ferenbach.

DATED this 19th day of January, 2022.

**GREENBERG TRAURIG, LLP**

*/s/ Tyler R. Andrews*
MARK E. FERRARIO
Nevada Bar No. 1625
TYLER ANDREWS
Nevada Bar No. 9499

*Counsel for Defendant Groupon, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 19th day of January, 2022, a true and correct copy of the foregoing ***Defendant Groupon, Inc.'s Notice of Related Cases*** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                        */s/ Andrea Lee Rosehill*
                                        An employee of GREENBERG TRAURIG, LLP

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002