UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, <br><br> Plaintiff <br><br> v. <br><br> GROUPON, INC., <br><br> Defendant | Case No.: 2:18-cv-02342-APG-VCF <br><br> **Order Granting Motion for Attorney Fees** <br><br> [ECF No. 118] |

I previously granted summary judgment in favor of Groupon, Inc. on the claims brought by Las Vegas Skydiving Adventures LLC (LVSA). Groupon now moves for an award of most of its attorney fees incurred in this case. Because this was an exceptional case under the Lanham Act, I will award fees. But some of the rates charged by Groupon's lawyers were higher than rates charged by comparable lawyers in this market. And I must attempt to apportion the fees among the Lanham Act claim and LVSA's other claims. Thus, I will not award Groupon all the fees it seeks.

**Groupon is entitled to a fee award.**

The Lanham Act allows for awards of attorney fees to prevailing parties in "exceptional cases." 15 U.S.C. § 1117(a). Although "exceptional" is not defined in the Act, the Supreme Court, examining identical language in the Patent Act, has held

> that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The Ninth Circuit has adopted that standard for claims under the Lanham Act. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) ("[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, . . . exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty*, and using a preponderance of the evidence standard."). The nonexclusive factors for determining if a case is exceptional include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*.

     LVSA litigated this case in an unreasonable manner. Its claims were tenuous at best, and that should have been apparent from the outset to its counsel, who has litigated numerous such lawsuits. Early on in the case, Magistrate Judge Ferenbach and I each expressed our "substantial concerns" whether LVSA could make out claims for Sherman Act violations and trademark infringement. *See* ECF No. 19 at 5, 7; ECF No. 30 at 7 n.2.

     One of the elements of a trademark infringement claim is customer confusion. If any evidence of this existed, LVSA should have been aware of much of it even before filing its lawsuit, as it would have fielded calls and inquiries from customers reflecting their confusion. And LVSA had ample opportunity to develop such evidence in discovery. Yet it came up with "no evidence from which a reasonable jury could attribute [LVSA's alleged customer] interactions to the Facebook post or Groupon results page such that LVSA can show significant actual confusion." ECF No. 116 at 9.

Despite the weakness of its case, LVSA engaged in nearly two years of aggressive discovery. During and after the discovery period, it filed numerous motions, all of which were denied in whole or part.[1] LVSA filed at least five objections to Judge Ferenbach's orders or motions for reconsideration of his and my orders, including two motions for reconsideration of my order dismissing some of its claims. *See, e.g.*, ECF Nos. 28, 34, 104, 105, 109. At least once, Judge Ferenbach chastised LVSA's counsel for not following his orders, and expressed his concerns that significant and expensive discovery was being conducted for "a relatively minor case as far as . . . financial impact goes." ECF No. 118-4 at 5-6. Judge Ferenbach gave LVSA and its counsel more than sufficient leeway to discover evidence to support its claims, to no avail. There is a difference between zealous advocacy and objectively unreasonable litigation tactics. LVSA crossed that line.

Motivation is also factor in determining whether a case is exceptional under the Lanham Act. *SunEarth*, 839 F.3d at 1181. It appears LVSA litigated this case so aggressively because of its animus towards Groupon. *See* ECF No. 118-3 at 4-9 (LVSA's 30(b)(6) witness testifying that "Groupon has been destroying [his] industry for 11 years . . . ever since the day Groupon came on;" "Groupon has a monopoly on the skydiving business on a national level;" and "there hasn't been a single drop zone owner in the United States that hasn't been hurt by the actions of Groupon"). Notably, LVSA recently filed another lawsuit against Groupon, alleging among other things trademark infringement, monopolization, and state law claims. *See* Case No. 2:22-

---

[1] *See, e.g.*, ECF No. 27 (denying first motion for spoliation sanctions); ECF No. 30 (overruling objection to ECF No. 27); ECF No. 55 (denying motion for reconsideration of order dismissing some claims); ECF No. 63 (denying in part and granting in part motion to extend discovery); ECF No. 68 (denying motion for protective order); ECF No. 77 (denying two motions to compel); ECF No. 103 (denying motion to strike Groupon's rebuttal expert report, two motions to compel, and renewed motion for spoliation sanctions).

cv-00047-RFB-BNW.  It is improper to use litigation to seek retribution for another's legal business activities.

I also should consider compensation and deterrence in evaluating a case's exceptionalness. *SunEarth*, 839 F.3d at 1181.  Compensation is not a significant factor here as Groupon is a global, publicly traded entity that apparently has not been put in financial distress by the large fees it incurred in this case.  That is not to say that large entities should be forced to bear hefty legal fees defending against abusive lawsuits.  On the other hand, deterrence is a factor here as I hope to deter LVSA from repeating its unreasonable litigation tactics in its new lawsuit against Groupon.[2]

LVSA went beyond zealous advocacy by engaging in objectively unreasonable litigation tactics and strategies.  LVSA unnecessarily multiplied the fees and costs that Groupon was forced to incur, and wasted this court's time and resources.  This case is exceptional under the Lanham Act, so I award attorney fees to Groupon, but not in the amount it seeks.

**Groupon's fee request must be reduced.**

In determining a reasonable attorney fee award, I first must calculate the "lodestar figure" by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (applying *Hensley*).  Then I must decide whether to adjust the lodestar figure based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) ("After the lodestar figure is determined, a district court retains discretion to

---

[2] That case is stayed pending resolution of LVSA's appeal in this case, so it is unclear whether LVSA will adopt similar litigation tactics there.

4

adjust the lodestar figure upward or downward based on a variety of factors not subsumed in the lodestar figure.") (simplified).

The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.[3] Once calculated, the lodestar amount is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). *See also Fischer*, 214 F.3d at 1119 n.4 (stating that the lodestar figure should be adjusted only in rare and exceptional cases).

*Reasonable Hourly Rate*

When determining the reasonableness of an hourly rate, I consider the experience, skill, and reputation of the attorneys requesting fees. *Webb v. Ada Cnty.*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11

---

[3] Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). The sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

(1984). Groupon submitted an affidavit to support the hourly rates for the lawyers, paralegals, and a law clerk. ECF No. 118-2. Based on my experience practicing law in this market for many years and reviewing fee requests as a judge, the rates charged by the paralegals, law clerk, and Mr. Andrews are higher than the prevailing rates for such professionals in the Las Vegas legal market.[4]

*Reasonable Hours Expended*

LVSA has not objected to the reasonableness of the hours charged by Groupon's counsel. And I see no evidence of over-billing or work on unnecessary tasks.

LVSA objects to Groupon's failure to apportion its fees between the Lanham Act claim and LVSA's other claims. Generally, a party may not recover fees in a Lanham Act case for work performed on non-Lanham Act claims. *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000). So I must attempt to apportion the fees between LVSA's Lanham Act claim and its other claims. *Id.* at 1070 (holding the court must attempt to apportion fees between Lanham Act claim and other claims "unless the court finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless").

Groupon eliminated from its fee request work performed by its antitrust lawyers and work associated with LVSA's antitrust claims. ECF No. 118-2 at 9. And "because some parts of the litigation include billing for things applicable to all claims, Groupon has voluntarily reduced" some other fees by 50% or 75% to account for overlap with the antitrust claims. *Id.*

Excluding the antitrust claims, all of LVSA's claims arise from the same incident. The state law claims for misappropriation of commercial properties and unjust enrichment rely on

---

[4] Given Mr. Andrews' experience and length of practice, his rate may be appropriate in southern California, but not in this market. His rate would not be the same as Mr. Ferrario's, who has practiced law significantly longer. It would be closer to Ms. Rabe's.

6

Groupon's alleged misuse of LVSA's trademark. *See* ECF No. 10.  Groupon's motion for summary judgment devoted only three of its thirty pages (10%) to addressing the state law claims. ECF No. 91.  LVSA did not separately respond to Groupon's motion on those claims. ECF No. 97.  LVSA's state law claims are inextricably intertwined with the Lanham Act claim such that any further attempt to apportion the fees beyond a 10% reduction would be meaningless. *Gracie*, 217 F.3d at 1070.

I am reducing the fee request to account for more reasonable hourly rates and to partially apportion the Lanham Act claim from the state law claims.  I award Groupon $325,000 in attorney fees.

Finally, Groupon requests that the fee award be made joint and several against both LVSA and its counsel. ECF No. 118 at 24.  While Judge Ferenbach had serious concerns about LVSA's litigation tactics—which I share—it is unclear how much of the litigation strategy was driven by counsel or LVSA's animus against Groupon. *See* above at 3.  It is not appropriate in this circumstance to award fees against counsel.  This should not be interpreted as an approval of counsel's actions.  If these tactics are repeated in the future, an award against counsel might be appropriate.

I THEREFORE ORDER that Groupon, Inc.'s motion for attorney fees **(ECF No. 118) is GRANTED**.  I award Groupon $325,000 in fees against Las Vegas Skydiving Adventures LLC.  The clerk's office is directed to enter judgment accordingly and close this case.

DATED this 11th day of July, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE